DECISION AND JUDGMENT ENTRY
{¶ 1} John Graff appeals the judgment of the Highland County Court of Common Pleas in favor of Ohio Valley Truss Company ("OVTC") and Willard Bohrer upon his complaint for malicious prosecution and abuse of process. Graff contends that he was entitled to judgment as a matter of law upon his cause of action for malicious prosecution, and that the trial court's judgment as to that cause of action is against the manifest weight of the evidence. Because we find that Graff cannot satisfy an essential element of his cause of action for malicious prosecution, we disagree. Accordingly, we overrule each of Graff's assignments of error and affirm the trial court's judgment.
 II. {¶ 2} In 1992, Graff and three of his siblings owned approximately 126 acres of real property located in Highland County and known as the Graff Farm. At that time, Bohrer was the President of OVTC. On December 8, 1992, Bohrer, on behalf of OVTC made an offer to purchase the Graff Farm through Classic Real Estate Company. Classic faxed the purchase contract to Graff, who signed the contract and faxed it back to Classic. Classic then conveyed Graff's acceptance to Bohrer.
 {¶ 3} After accepting the purchase contract, Graff discovered that the contract excepted approximately three acres of the property rather than the five acres Graff had understood would be excepted. Graff called Classic and informed them that there had been a mistake, and told them not to pursue the matter any further. He indicated that he would have the farm surveyed and then renegotiate the offer.
 {¶ 4} In early January 1993, Graff received a separate offer from a third party, by the name of Ernst, to purchase 33.6 acres of the Graff Farm. The land the Ernsts sought to purchase was a portion of the land subject to the purchase contract between Graff and OVTC. Graff accepted the Ernsts' offer and signed the purchase contract. After learning of Graff's attempt to repudiate the purchase contract he executed with OVTC, and of the purchase contract Graff had entered into with the Ernsts, Bohrer filed a complaint against Graff and Classic in the Highland County Court of Common Pleas, Case No. 93CIV45. In his complaint, Bohrer alleged a cause of action for breach of contract and sought: (1) a temporary restraining order and injunction preventing the sale of the real estate subject to the Graff-OVTC contract; (2) specific performance of the contract; (3) compensatory damages; and (4) punitive damages. Sometime during the course of the litigation, the court granted Bohrer's motion to amend his complaint to name OVTC as an additional plaintiff in the action.
 {¶ 5} The Highland County Court of Common Pleas issued a temporary restraining order on February 1, 1993, and set an injunction hearing for February 10, 1993. Then on February 9, 1993, the court issued an "ENTRY GRANTING TEMPORARY RESTRAINING ORDER/INJUNCTION[,]" wherein it stated that "* * * the parties herein have, by mutual agreement, agreed to extend or continue the temporary restraining order for a period of 90 days from February 10, 1993, to-wit: May 12, 1993 * * *." By agreement of the parties, the temporary restraining order continued in effect until August 15, 1993.
 {¶ 6} In April 1993, the four Graff siblings and Bohrer/OVTC reached an agreement to sell the 93 acres of the Graff Farm that were not subject to the Ernst contract to OVTC. On May 31, 1995, Bohrer and OVTC dismissed the complaint and amended complaint, without prejudice, pursuant to Civ.R. 41(A)(1). On May 24, 1996, Graff and his siblings filed a complaint against OVTC and Bohrer stating causes of action for abuse of process and malicious prosecution. On June 2, 2004, the trial court granted summary judgment in favor of OVTC and Bohrer as to James Michael Graff, William P. Graff, and Mary Graff Holcomb. The matter proceeded to a bench trial with Graff as the sole remaining plaintiff.
 {¶ 7} The trial court ruled in favor of Bohrer and OVTC on both the malicious prosecution and abuse of process causes of action. In doing so, the court specifically found that Bohrer and OVTC had probable cause to file the initial lawsuit for breach of contract, thus negating an essential element of the malicious prosecution cause of action. Additionally, the court concluded that Bohrer and OVTC's purpose in filing the initial lawsuit was to enforce what they believed was a valid, enforceable contract. Therefore, the trial court concluded that Bohrer and OVTC had no ulterior purpose in filing the initial lawsuit, thus negating an essential element of the abuse of process cause of action.
 {¶ 8} Graff appeals, raising the following assignments of error: [I.] The Court below erred to the prejudice of the Appellant as he was entitled to judgment in his favor as a matter of law. [II.] The judgment of the Court below was against the manifest weight of the evidence.
 II. {¶ 9} In his first assignment of error, Graff argues that the trial court erred in granting a judgment in favor of Bohrer and OVTC because he is entitled to a judgment as a matter of law upon his cause of action for malicious prosecution. Additionally, in his second assignment of error, Graff contends that the trial court's judgment was against the manifest weight of the evidence. Graff argues that Bohrer and OVTC had no probable cause to initiate the underlying lawsuit because there was no valid contract between himself and OVTC.[2] Specifically, Graff alleges that no experienced, competent attorney could conclude that there was a valid contract between himself and OVTC because only one of the four owners of the property accepted OVTC's offer to purchase the farm, and there was no evidence that the other owners had authorized him to act on their behalf.
 {¶ 10} We give deference to the trial court as the trier of fact because it is best able to observe the witnesses and weigh the credibility of their testimony. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. However, we review questions of law de novo. Nationwide Mut. Fire Ins. Co. v. GumanBros. Farm (1995), 73 Ohio St.3d 107, 108. Additionally, we will not reverse a judgment as being against the manifest weight of the evidence if some competent, credible evidence going to all of the essential elements of the case supports it. Masitto v.Masitto (1986), 22 Ohio St.3d 63, 66. See, also, C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 11} In order to prevail upon a cause of action for malicious prosecution, a plaintiff must prove the following elements by a preponderance of the evidence: "(1) malicious institution of prior proceedings * * *; (2) lack of probable cause for the filing of the prior lawsuit * * *; (3) termination of the prior proceedings in plaintiff's favor * * *; and (4) seizure of plaintiff's person or property during the course of the prior proceedings * * * [.]" Crawford v. Euclid Natl. Bank
(1985), 19 Ohio St.3d 135, 139. See, also, Yaklevich v. Kemp,Schaffer Rowe Co., L.P.A. (1994), 68 Ohio St.3d 294, 297. Accordingly, one of the essential elements of a malicious prosecution cause of action is the resolution of the underlying proceeding in the plaintiff's favor.
 {¶ 12} Here, Graff has neither alleged nor proven facts sufficient to demonstrate that the underlying action terminated in his favor. In his complaint, Graff alleges that Bohrer and OVTC terminated the underlying action by dismissing the complaint. At trial, Graff introduced the notice of voluntary dismissal of the underlying complaint and amended complaint without prejudice, pursuant to Civ.R. 41(A)(1). The Ohio Supreme Court has recognized that a voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a failure otherwise than upon the merits. Frysinger v. Leech (1987), 32 Ohio St.3d 38, paragraph two of the syllabus. At least two Ohio courts have held that a voluntary dismissal pursuant to that rule cannot constitute an adjudication in the plaintiff's favor in the context of an action for malicious prosecution. Starinki v. Pace (1991),81 Ohio App.3d 113, 115; Bayer v. Neff (Dec. 29, 1995), Lake App. No. 95-L-044.
 {¶ 13} Bohrer and OVTC dismissed the underlying cause of action pursuant to Civ.R. 41(A)(1), but only did so after Graff and his siblings actually sold the bulk of the disputed land to OVTC. Therefore, we cannot conclude that the dismissal constitutes a termination of the underlying action in Graff's favor. Because the underlying action was not terminated in Graff's favor, we conclude that Bohrer and OVTC are entitled to judgment as a matter of law upon Graff's cause of action for malicious prosecution. Accordingly, we overrule each of Graff's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that costs herein be taxed to the appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.
[2] In both of his assignments of error, Graff limits his arguments to the trial court's ruling upon his cause of action for malicious prosecution. Specifically, we note that Graff only argues that Bohrer and OVTC initiated the underlying action without probable cause. However, an essential element of a cause of action for abuse of process is that the underlying legal proceeding has been set in motion in proper form and with probable cause. See, Yaklevich v. Kemp, Schaffer Rowe Co.,L.P.A. (1994), 68 Ohio St.3d 294, at paragraph one of the syllabus. Because, on appeal, Graff presents no argument that Bohrer and OVTC initiated the underlying action in proper form and with probable cause, we do not address the trial court's ruling upon his cause of action for abuse of process.