**MILLER et al., Appellants,**

v.

**UNGER, Appellee.**

[Cite as *Miller v. Unger,* 192 Ohio App.3d 707, 2011-Ohio-990.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2010–10–255.

Decided March 7, 2011.

Gonzalez, Saggio & Harlan, L.L.P., Robert R. Furnier, and Jerome C. Bishop, for appellants.

Freund, Freeze & Arnold, Thomas B. Bruns, and Timothy B. Spille, for appellee.

---

HENDRICKSON, Judge.

{¶ 1} Plaintiffs-appellants, James and Paige Miller, appeal a decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Matthew Unger, on their claim for malicious prosecution. For the reasons outlined below, we affirm the decision of the trial court.

{¶ 2} The following procedural background is not in dispute. Sometime prior to October 2005, Unger hired Jose Acosta to install a concrete patio in Unger's back yard. Dissatisfied with the installation, Unger filed suit in Warren County seeking monetary damages and obtained a default judgment against Acosta in March 2006 ("the Warren County case"). The following month, Unger filed a judgment lien against Acosta's real estate in Butler County.

{¶ 3} In April 2006, an entity called Tri State Investment Trust, Inc., purchased Acosta's property by way of a short sale. Shortly thereafter, Tri State sold the property to James and Paige Miller. At the time of the sale, the Millers were unaware of Unger's judgment lien against the property.

{¶ 4} In the following months, Unger's attorney communicated with the Millers' attorney about the judgment lien. The Millers' attorney believed no final judgment had been entered in the Warren County case, rendering Unger's lien

premature and unenforceable. The Millers demanded that the lien be removed because it was interfering with their ability to resell the property.

{¶ 5} In September 2006, Unger filed an action against the Millers to foreclose on the judgment lien ("the foreclosure action"). In response, the Millers filed counterclaims against Unger to quiet title and for slander of title and tortious interference.

{¶ 6} In December 2006, the Warren County Court of Common Pleas vacated the default judgment against Acosta in the Warren County case. In May 2007, Unger removed the judgment lien against the property (now owned by the Millers). Unger also voluntarily dismissed the foreclosure action against the Millers without prejudice.

{¶ 7} Despite the resolution of Unger's foreclosure action, the Millers proceeded on their counterclaims. Ultimately, they obtained a default judgment against Unger on the claims and were awarded $25,590 in compensatory damages and $83,790 in attorney fees.

{¶ 8} Following the damages award, the Millers submitted a February 2009 filing captioned "supplemental complaint" asserting a claim for malicious prosecution against Unger. The filing was submitted under the same case number as Unger's foreclosure action. In the document, the Millers insisted that Unger maliciously prosecuted his foreclosure action against them based upon an invalid judgment lien. In July 2009, the parties entered into a settlement agreement. Among other terms, Unger paid the Millers $20,000 to resolve his personal liability on their malicious-prosecution claim. In September 2009, the Millers voluntarily dismissed the claim without prejudice.

{¶ 9} Four days later, the Millers instituted the present action against Unger asserting the same malicious-prosecution claim asserted in their supplement complaint. Unger moved for summary judgment, which the trial court granted in a September 2010 entry. This appeal followed.

Assignment of Error No. 1:

{¶ 10} "The court erred in granting summary judgment in favor of Matthew Unger."

{¶ 11} The Millers acknowledge that one requirement for establishing their malicious-prosecution claim is the termination of Unger's foreclosure action in their favor. In challenging the trial court's decision on summary judgment, the Millers insist that Unger's foreclosure action did not end when he voluntarily dismissed the lawsuit under Civ.R. 41(A). Instead, the Milers maintain that the proceeding came to an end when they obtained a default judgment against Unger on their counterclaims. According to the Millers, this constituted a termination

of the foreclosure action in their favor and precluded summary judgment in favor of Unger on their malicious-prosecution claim.

{¶ 12} This court reviews a trial court's decision on summary judgment de novo. *Burgess v. Tackas* (1998), 125 Ohio App.3d 294, 296, 708 N.E.2d 285. Summary judgment is proper when (1) there are no genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. Civ.R. 56(C). See also *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 13} In order to prevail on a claim for malicious prosecution of a civil action, a plaintiff must prove the following: (1) the defendant maliciously instituted the prior proceedings against the plaintiff, (2) lack of probable cause for filing the prior lawsuit, (3) the prior proceedings terminated in the plaintiff's favor, and (4) the plaintiff's person or property was seized during the course of the prior proceedings. *Crawford v. Euclid Natl. Bank* (1985), 19 Ohio St.3d 135, 139, 19 OBR 341, 483 N.E.2d 1168.

{¶ 14} After thoroughly reviewing the procedural history related to the instant case, we find that the Millers failed to satisfy the third essential element for a malicious-prosecution claim. The default judgment on the Millers' counterclaims did not constitute a termination of Unger's foreclosure action in their favor.

{¶ 15} We recognize that the default judgment constituted a judgment favorable to the Millers *on their counterclaims*. But this fact alone does not render the disposition of Unger's foreclosure action favorable to the Millers. In an attempt to refute this conclusion, the Millers contend that their counterclaims "arose out of the transaction or occurrence that was the subject of Unger's foreclosure action" and that the foreclosure proceeding did not end until the trial court entered a default judgment on their counterclaims months after Unger voluntarily dismissed the action under Civ.R. 41(A).

{¶ 16} Admittedly, Unger's foreclosure action and the Millers' counterclaims both involved the judgment lien that was later set aside. However, Unger's dismissal of the foreclosure action did not render the disposition of that action favorable to the Millers. A number of Ohio courts of appeal, including this one, have held that the voluntary dismissal of a complaint is not a termination in favor of a party who later asserts a malicious-prosecution claim. See, e.g., *Elite Designer Homes, Inc. v. Landmark Partners,* Summit App. No. 22975, 2006-Ohio-4079, 2006 WL 2270832, ¶ 41; *Graff v. Ohio Valley Truss Co.,* Highland App. No. 05CA3, 2005-Ohio-6661, 2005 WL 3441252, ¶ 12; *Bayer v. Neff* (Dec. 29,

1995), Lake App. No. 95–L–044, 1995 WL 815345, at *4; *Summitville Tiles, Inc. v. Jackson* (Nov. 15, 1988), Columbiana App. No. 87–C–42, 1988 WL 122836, at *3.

{¶ 17} Cited by the trial court, this court articulated the same holding in *Wilson v. Fifth Third Bank of S. Ohio* (June 13, 1994), Brown App. No. CA94–01–001, 1994 WL 250144:

{¶ 18} "Fifth Third's foreclosure action was voluntarily dismissed without prejudice by Fifth Third, and the attachment was released only after appellants secured refinancing and paid the past due note in full. Such a dismissal is not an adjudication on the merits and does not indicate nonliability on appellants' part. Thus, where Fifth Third exercised its right to voluntarily dismiss pursuant to Civ.R. 41, there was no termination in appellants' favor." Id. at *1.

{¶ 19} The Millers attempt to distinguish *Wilson* by arguing that the parties in that case who were pursuing the malicious-prosecution claim against Fifth Third Bank were not found to be free from liability on the note that was the subject of the underlying foreclosure action. In contrast, the Warren County court vacated the default judgment upon which Unger's judgment lien was predicated and released the lien. Unger subsequently dismissed his foreclosure action against the Millers. According to the Millers, this course of events indicates that they were never liable on the judgment lien and distinguishes the present matter from *Wilson*.

{¶ 20} We find the Millers' attempt to remove the present matter from the province of *Wilson* to be unavailing. Referring to the above-quoted portion of the decision, the Millers insist that this court "emphasized" the fact that the dismissal of the foreclosure action by Fifth Third did not involve a finding that the borrowers were free from liability. The Millers categorize the borrowers' acknowledgment of their liability on the note as "key" to our disposition of the case.

{¶ 21} We believe that the Millers place undue emphasis on the allocation of liability in *Wilson* and decline to read the case as narrowly as they suggest. Instead, we believe that *Wilson* supports the proposition that *any* voluntary dismissal of a complaint under Civ.R. 41(A) is not a termination of the proceeding in favor of a malicious-prosecution claimant. Indeed, the allocation of liability in the underlying action *may* speak to other elements of a malicious-prosecution claim. For example, it may or may not signify whether the prior proceedings were maliciously commenced or whether probable cause supported the institution of the prior lawsuit. *Crawford*, 19 Ohio St.3d at 139, 19 OBR 341, 483 N.E.2d 1168. However, in view of *Wilson* and other Ohio cases on point, a party's freedom from liability in an action that was voluntarily dismissed does not render

the disposition of that action favorable to the party for purposes of a malicious-prosecution claim.

{¶ 22} In sum, we hold that the voluntary dismissal of a complaint is not a termination in favor of a party who later asserts a malicious-prosecution claim. *Wilson* at 4. Furthermore, the grant of default judgment in favor of the Millers on their counterclaims did not amount to a victory on the substantive merits of Unger's foreclosure action. *Broadnax v. Greene Credit Serv.* (1997), 118 Ohio App.3d 881, 888, 694 N.E.2d 167. Accordingly, because Unger's foreclosure action did not terminate in favor of the Millers, their malicious-prosecution claim fails as a matter of law. See *Graff,* 2005-Ohio-6661, 2005 WL 3441252, at ¶ 13.

{¶ 23} We conclude that the trial court properly awarded summary judgment in favor of Unger because there were no genuine issues of material fact regarding the failure of at least one of the essential elements for a malicious-prosecution claim.

{¶ 24} The Millers' sole assignment of error is overruled.

Judgment affirmed.

POWELL, P.J., and BRESSLER, J., concur.