# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 16, 2012 Session

## ELLIOT H. HIMMELFARB, M.D., ET AL. V. TRACY R. ALLAIN

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Williamson County**
**No. 07454      Robbie T. Beal, Judge**

---

**No. M2010-02401-SC-S10-CV - Filed August 28, 2012**

---

A patient discovered that a guide wire had been left in her vein during a prior medical procedure. She filed a medical malpractice action against the doctors who performed the procedure and the hospital where the procedure was performed. The patient voluntarily dismissed the medical malpractice suit pursuant to Tennessee Rule of Civil Procedure 41 when she was informed that another party was responsible for the presence of the guide wire. The doctors named in the original suit filed a malicious prosecution action against the patient. The patient filed a motion for summary judgment alleging that the doctors could not prove that the prior suit had been terminated in their favor. The trial court denied the motion for summary judgment, and the Court of Appeals affirmed the trial court's denial. We hold that a voluntary nonsuit taken pursuant to Tennessee Rule of Civil Procedure 41 is not a favorable termination on the merits for purposes of a malicious prosecution claim. We reverse the Court of Appeals and remand to the trial court for entry of summary judgment in favor of the patient and for further proceedings consistent with this opinion.

**Tenn. R. App. P. 10 Extraordinary Appeal by Permission;**
**Judgment of the Court of Appeals Reversed and**
**Case Remanded to the Circuit Court for Williamson County**

JANICE M. HOLDER, J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., and GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Christopher Kim Thompson, Nashville, Tennessee, for the appellant, Tracy R. Allain

M. Todd Sandahl, Franklin, Tennessee, for the appellees, Elliot H. Himmelfarb, M.D., Elliot H. Himmelfarb, M.D., P.A., and Douglas C. York, M.D.

**OPINION**

I. Facts and Procedural History

In April 2005, Tracy Allain was admitted to Vanderbilt University Medical Center ("VUMC") for placement of a new port-a-cath.[1] After the procedure, a VUMC physician informed Ms. Allain that he had observed a guide wire in a vein leading to Ms. Allain's heart. The physician believed that the guide wire had been left in Ms. Allain's body during a previous port-a-cath procedure performed while Ms. Allain was a patient at Williamson Medical Center in December 2004.

On April 10, 2006, Ms. Allain filed a complaint in the Circuit Court for Williamson County against Williamson Medical Center, Dr. Elliot Himmelfarb, and Dr. Douglas York. Ms. Allain alleged that the hospital and Drs. Himmelfarb and York were negligent in leaving a guide wire in her vein during the December 2004 procedure. Both Dr. Himmelfarb and Dr. York filed an answer to the complaint alleging comparative fault against an unnamed party and denying liability.

In June 2006, a VUMC physician informed Ms. Allain that VUMC was responsible for the presence of the guide wire. Ms. Allain filed a complaint alleging medical malpractice against VUMC on June 23, 2006, and reached a settlement in that case on January 24, 2007. On July 14, 2006, Ms. Allain filed a notice of voluntary nonsuit of the complaint against Williamson Medical Center and Drs. Himmelfarb and York pursuant to Tennessee Rule of Civil Procedure 41.01. The trial court entered an order dismissing the case without prejudice on July 17, 2006.

Exactly one year later, on July 17, 2007, Dr. Himmelfarb and Dr. York filed a complaint against Ms. Allain alleging that Ms. Allain's prior lawsuit against them constituted malicious prosecution and abuse of process. Ms. Allain filed an answer to the complaint denying the allegations and subsequently filed a motion for summary judgment claiming Drs. Himmelfarb and York could not prove the essential elements of their malicious prosecution or abuse of process claims.

The trial court denied Ms. Allain's motion for summary judgment. The trial court did not address the abuse of process claim but found that issues of material fact existed with respect to the malicious prosecution claim. The trial court denied Ms. Allain's motion for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.

---

[1] A port-a-cath is a medical device that is implanted beneath the skin to allow easier access to a patient's vein.

Following the denial of that motion, Ms. Allain filed an application for extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. The Court of Appeals granted the Rule 10 application and affirmed the trial court's denial of the motion for summary judgment, remanding the case to the trial court for further proceedings.[2] Himmelfarb v. Allain, No. M2010-02401-COA-R10-CV, 2011 WL 2410233, at *9 (Tenn. Ct. App. June 9, 2011). We granted Ms. Allain permission to appeal.

## II. Analysis

At issue in this case is whether Ms. Allain is entitled to summary judgment because Drs. Himmelfarb and York are unable to satisfy an essential element of their malicious prosecution claim. Summary judgment is appropriate only when the moving party establishes it is entitled to judgment as a matter of law and that there are no disputed, material facts. Hannan v. Alltel Publ'g Co., 270 S.W.3d 1, 5 (Tenn. 2008); see also Tenn. R. Civ. P. 56.04. A disputed fact is material if its resolution is necessary to determine the substantive claim. Mills v. CSX Transp., Inc., 300 S.W.3d 627, 632 (Tenn. 2009) (citing Martin v. Norfolk S. Ry. Co., 271 S.W.3d 76, 84 (Tenn. 2008)). To be entitled to summary judgment, the moving party must either negate an essential element of the non-moving party's claim or produce evidence that shows that the non-moving party cannot prove an essential element at trial. Hannan, 270 S.W.3d at 5. The resolution of a summary judgment motion is a question of law, which we review de novo. Martin, 271 S.W.3d at 84.

To succeed on a claim for malicious prosecution, Drs. Himmelfarb and York must prove that Ms. Allain initiated a prior suit against them without probable cause, that Ms. Allain brought the prior suit with malice, and that the prior suit was terminated in favor of Drs. Himmelfarb and York. Christian v. Lapidus, 833 S.W.2d 71, 73 (Tenn. 1992). Ms. Allain asserts that she is entitled to summary judgment because Drs. Himmelfarb and York cannot prove that Ms. Allain's prior suit was terminated in their favor.[3]

With respect to the last of these requirements, a judgment that terminates a lawsuit in favor of one of the parties must address the merits of the suit rather than terminating the suit on procedural or technical grounds. Parrish v. Marquis, 172 S.W.3d 526, 531 (Tenn. 2005). Ms. Allain's lawsuit against Drs. Himmelfarb and York was terminated by a voluntary

---

[2] Neither the trial court nor the Court of Appeals addressed the abuse of process claim. The Court of Appeals remanded the case to the trial court to address the abuse of process claim, recognizing that the appeal was limited to the claim of malicious prosecution.

[3] Because the only issue in this case is whether the prior suit was terminated in favor of Drs. Himmelfarb and York, we are not required to address the manner in which probable cause determinations are currently made in malicious prosecution proceedings in Tennessee.

nonsuit without prejudice.  We must therefore determine whether a voluntary nonsuit is a favorable termination for purposes of a malicious prosecution claim.

Because this is an issue of first impression for this Court, it is helpful to examine the approaches utilized in other jurisdictions.  The majority of jurisdictions that have addressed the effect of a prior voluntary nonsuit have held that a voluntary nonsuit can be a favorable termination on the merits for the purposes of malicious prosecution.  See generally Vitauts M. Gulbis, Annotation, Nature of Termination of Civil Action Required to Satisfy Element of Favorable Termination to Support Action for Malicious Prosecution, 30 A.L.R. 4th 572, § 15 (1992) (collecting cases).

Most jurisdictions follow the approach recommended by comment j to the Restatement (Second) of Torts section 674 (1977), which instructs that a voluntary dismissal may constitute a favorable termination but that courts must examine the circumstances "under which the proceedings are withdrawn" when a suit is withdrawn or abandoned.[4]  See, e.g., Frey v. Stoneman, 722 P.2d 274, 279 (Ariz. 1986) (holding that a termination will be deemed favorable based on the circumstances of dismissal); Siebel v. Mittlesteadt, 161 P.3d 527, 531 (Cal. 2007) (reasoning that the judgment as a whole must be construed to determine whether a dismissal is a favorable termination); Cult Awareness Network v. Church of Scientology Int'l, 685 N.E.2d 1347, 1354 (Ill. 1997) (adopting the Restatement approach and considering the underlying circumstances of dismissal); Nelson v. Miller, 607 P.2d 438, 446 (Kan. 1980) (following the Restatement and examining the underlying circumstances to determine if a prior dismissal is a favorable termination); Plouffe v. Mont. Dep't of Pub. Health & Human Servs., 2002 MT 64, ¶ 35, 309 Mont. 184, 45 P.3d 10 ("[T]he law in Montana affords a presumption that voluntary dismissal of an action by the plaintiff reflects favorably for the defendant unless evidence demonstrates the converse."); Neely v. First State Bank, 1998 OK 119, ¶ 10, 975 P.2d 435, 437 (reviewing the circumstances underlying a dismissal to determine whether the dismissal was a favorable termination); Siliski v. Allstate Ins. Co., 811 A.2d 148, 151-52 (Vt. 2002) (adopting the Restatement approach and examining the circumstances of the prior dismissal).

In jurisdictions following the Restatement (Second) approach, if the circumstances of the dismissal indicate that the original defendants were innocent of wrongdoing, the voluntary nonsuit is considered a favorable termination.  Siliski, 811 A.2d at 151-52.  This approach addresses the concern that a party may harass a defendant by filing and voluntarily

---

[4] A handful of jurisdictions have held that a voluntary dismissal constitutes a favorable termination without further examination of the underlying circumstances.  See Barrett Mobile Home Transp., Inc. v. McGugin, 530 So. 2d 730, 735 (Ala. 1988) (holding that a voluntary dismissal without prejudice will suffice as a favorable termination); Raine v. Drasin, 621 S.W.2d 895, 900 (Ky. 1981) (holding that an agreed order of dismissal terminates prior litigation and constitutes a favorable termination).

dismissing a claim on multiple occasions prior to a trial on the merits. See, e.g., Kennedy v. Byrum, 20 Cal. Rptr. 98, 101 (Cal. Dist. Ct. App. 1962) (stating that if a voluntary dismissal was not treated as a favorable termination, parties would be permitted to harass defendants by filing multiple suits and dismissing them prior to trial on the merits).

Contrary to the Restatement (Second) approach, a minority of jurisdictions have held that a voluntary nonsuit cannot serve as a favorable termination in a malicious prosecution case. See e.g., Hewitt v. Rice, 154 P.3d 408, 416 (Colo. 2007) (declining to examine the underlying circumstances of a voluntary nonsuit because it "would lower the burden of proof in a malicious prosecution case and deter the settlement of cases"); Miller v. Unger, 192 Ohio App. 3d 707, 2011-Ohio-990, 950 N.E.2d 241 (Ct. App.), at ¶ 21 (stating that a voluntary dismissal of a complaint is not a favorable termination for purposes of malicious prosecution); KT Bolt Mfg. Co. v. Tex. Elec. Coops., Inc., 837 S.W.2d 273, 275 (Tex. Ct. App. 1992). These courts reason that a voluntary nonsuit is not an adjudication of the merits of the case but is merely a procedural option available to plaintiffs as a matter of right. See, e.g., KT Bolt Mfg., 837 S.W.2d at 275 (finding that a voluntary nonsuit cannot be a favorable termination because it neither adjudicates rights nor litigates issues but merely places the parties in the position in which they were prior to the filing of the claim).

After reviewing the rationales employed in various jurisdictions, we decline to follow those jurisdictions that have adopted comment j to the Restatement (Second) of Torts section 674 and that examine the circumstances under which a voluntary nonsuit is taken. Although our reasoning will be more fully explored below, we conclude that a voluntary nonsuit without prejudice is not a favorable termination for purposes of a malicious prosecution claim. Our holding is consistent with the language of Tennessee's voluntary nonsuit rule and our prior case law.

Rule 41 of the Tennessee Rules of Civil Procedure permits liberal use of voluntary nonsuits at any time prior to "final submission" to the trial court for decision in a bench trial or in a jury trial before the jury retires to deliberate. See Tenn. R. Civ. P 41.01 adv. comm. cmt.; Lawrence A. Pivnick, 1 Tennessee Circuit Court Practice § 23:1 (2011). When a voluntary nonsuit is taken, the rights of the parties are not adjudicated, and the parties are placed in their original positions prior to the filing of the suit. The case may be refiled subject to the applicable statutes of limitations. See, e.g., Crowley v. Thomas, 343 S.W.3d 32, 34-35 (Tenn. 2011) ("The saving statute permits a plaintiff who commenced an action within the applicable statute of limitations to nonsuit the cause of action and refile it in the trial court within one year of the order of dismissal."); see also Black's Law Dictionary 537 (9th ed. 2009) (defining dismissal without prejudice).

Pursuant to Tennessee Rule of Civil Procedure 41.01(2), a voluntary dismissal is an adjudication on the merits of the case only if the order states that it is an adjudication on the

merits, or if the plaintiff has twice previously voluntarily dismissed actions based on or including the same claim. Although those jurisdictions following the Restatement (Second) approach are concerned that plaintiffs will be able to harass defendants by continuously filing and dismissing lawsuits, the language of our Rule 41 limits plaintiffs to two voluntary nonsuits. The Restatement (Second) approach would be at odds with the liberal use of voluntary nonsuits within the framework of Tennessee Rule of Civil Procedure 41.01.

In addition, Rule 41 further limits the use of voluntary nonsuits in certain situations. For example, a party may not take a voluntary nonsuit in a class action case, in a case in which a receiver has been appointed, or while an opposing party's motion for summary judgment is pending. See Tenn. R. Civ. P. 41.01. A party is also precluded from taking a nonsuit in a shareholder's derivative action. See Tenn. R. Civ. P. 41.01. adv. comm. cmt. (2002). A case may not be refiled following a voluntary nonsuit taken in a will contest action, a Governmental Tort Liability Act action, or if a voluntary nonsuit is taken outside the applicable statute of limitations and the one year permitted by the saving statute. See Tenn. R. Civ. P. 41.01 adv. comm. cmt. (2005), (2006); see also Lawrence A. Pivnick, 1 Tennessee Circuit Court Practice § 23:1.

Prior case law also supports our conclusion that a voluntary nonsuit should not be considered a favorable termination in a malicious prosecution action. In Parrish, this Court considered whether the favorable termination requirement was met when the prior action was dismissed because the statute of limitations had expired. We concluded that a dismissal for lack of standing or untimely filing was not a favorable termination for purposes of a malicious prosecution claim. Parrish, 172 S.W.3d at 533. We explained that a judgment based on a successful statute of limitations defense was procedural in nature and not a reflection on the merits of the underlying case. Parrish, 172 S.W.3d at 532-33. A trial court does not consider the merits of a case when a case is dismissed on procedural grounds. Parrish, 172 S.W.3d at 532.

We acknowledge that Parrish also instructs courts to "examine the circumstances of the underlying proceeding" to determine whether the result in the prior case was favorable. Parrish, 172 S.W.3d at 531. This language, however, is followed by the sentence, "If a court concludes that 'the termination does not relate to the merits–reflecting on neither innocence of nor responsibility for the alleged misconduct–the termination is not favorable in the sense that it would support a subsequent action for malicious prosecution.'" Parrish, 172 S.W.3d at 531 (quoting Lackner v. LaCroix, 602 P.2d 393, 395 (Cal. 1979)). A voluntary nonsuit without prejudice does not relate to the merits of the claim as Parrish defined that phrase. To the extent that Parrish can be read as adopting the Restatement (Second) approach, it is overruled.

In addition to the language of Tennessee Rule of Civil Procedure 41 and our prior case law, there are sound policy reasons supporting our conclusion that a voluntary nonsuit without prejudice is not a favorable termination. Malicious prosecution actions have the potential to create a chilling effect on the right to access the courts. Cf. Kauffman v. A. H. Robins Co., 448 S.W.2d 400, 404 (Tenn. 1969) ("The freedom to use the courts and other tribunals having some quasi-judicial functions should not be impeded."). The threat of a malicious prosecution action may reduce the public's willingness to resort to the court system for settlement of disputes. Hewitt, 154 P.3d at 416. We decline to adopt a rule that would deter litigants with potentially valid claims from filing those claims because they are fearful of a subsequent malicious prosecution action. Nor do we wish to deter parties from dismissing their claims when a dismissal is the appropriate course of action.

Ms. Allain's voluntary nonsuit was the first such voluntary nonsuit in this case, and the trial court's July 17, 2006 order of dismissal reflects that the dismissal is without prejudice to Ms. Allain. See Tenn. R. Civ. P. 41.01(3) (Notice of a voluntary nonsuit dismissing an action without prejudice must be followed by an order of voluntary dismissal). The trial court's order neither addressed the merits of Ms. Allain's case, nor the liability of Drs. Himmelfarb and York. Ms. Allain's suit therefore was not a dismissal on the merits. We conclude that Ms. Allain's voluntary nonsuit is not a favorable termination for purposes of a malicious prosecution claim.

Because we conclude that a voluntary nonsuit is not a favorable termination on the merits, Drs. Himmelfarb and York cannot prove an essential element of their malicious prosecution claim. As such, summary judgment in favor of Ms. Allain is appropriate on the malicious prosecution claim. Hannan, 270 S.W.3d at 5.

## III. Conclusion

We conclude that a voluntary nonsuit taken pursuant to Tennessee Rule of Civil Procedure 41 is not a termination on the merits for the purposes of a malicious prosecution claim. We reverse the Court of Appeals and remand this case to the trial court for entry of judgment in favor of Ms. Allain on the malicious prosecution claim and for a final determination on the abuse of process claim. Costs of this appeal are taxed to the appellees, Dr. Elliot H. Himmelfarb and Dr. Douglas C. York, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE