IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 6, 2020 Session

## HORIZON TRADES, INC. v. AUBREY GIVENS ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 18C10    William B. Acree, Senior Judge**

_____

### No. M2019-01876-COA-R3-CV

_____

The defendant in a malicious prosecution action moved to dismiss for failure to state a claim upon which relief can be granted.  He contended that the prior suit that engendered the malicious prosecution action was not terminated on its merits.   The plaintiff responded that the prior suit was dismissed on multiple grounds and that one of those grounds was on the merits.   The trial court agreed with the defendant and granted the motion to dismiss.  We do as well and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

G. Kline Preston IV, Nashville, Tennessee, for the appellant, Horizon Trades, Inc.

Richard Glassman and Jonathan Stokes, Memphis, Tennessee, for the appellee, Aubrey Timothy Givens.

### OPINION

"Be careful what you wish for, you may receive it."[1]

Horizon Trades, Inc. wished that Shermane Stuart's case against it would be dismissed on summary judgment.  The court granted that wish.

_____

[1] This quote, attributed to "Anonymous," appears at the beginning of "The Monkey's Paw," a short story by William Wymark "W.W." Jacobs.

Based on the order granting the motion for summary judgment, Horizon Trades asserted more than one reason for granting its wish. The court's order addressed whether Ms. Stuart's suit was barred by the statute of limitations or barred by the Statute of Frauds. In considering the two alternatives, the court reasoned as follows:

> Although the Plaintiff/Counter-Defendant, Shermane Stuart . . . alleges that Horizon is liable for damages to her under a breach of contract claim, the Court finds that the gravamen of the lawsuit is one for conversion and/or damages to her personal property. Tennessee law dictates that the applicable statute of limitations is governed by the gravamen of the complaint rather than its designation by the Plaintiff. *Jack Keller v. Colgens-EMI Music, Inc., et al.*, 924 S.W.3d 357 (Tenn. App. 1996). Therefore, since the Court finds that this action is an action for injury or loss to property rather than a breach of contract, it is governed by the applicable three-year statute of limitations.

> Moreover, in her complaint, Stuart seeks damages for breach of contract involving property valued somewhere between $33,000 and $43,625.00. It is undisputed that the parties failed to reduce any contractual agreement between them to writing. Absent an exception recognized under the Statute of Frauds, recovery under a breach of contract claim for damages in excess of $500 requires a written contract. Thus, even if Stuart had a legitimate claim for breach of contract (which this Court finds otherwise), the action would be barred under the Statute of Frauds (Tennessee Code Annotated 47-2-201).

> Premises considered, the Court finds the Motion for Summary Judgment filed on behalf of Horizon to be well-taken.

> THEREFORE, the Motion for Summary Judgment filed on behalf of Horizon Trades, Inc. d/b/a Best in Town, is hereby GRANTED on the grounds that this action is an action for damages to or conversion of personal property rather than for breach of contract. As such, Shermane Stuart's action is barred by the applicable three-year statute of limitations.

> FURTHER, although the Court finds that there is no viable breach of contract claim, the Statute of Frauds would have required any contract between the parties to be in writing. There was no written contract in this case, even though the alleged contract involved goods valued at well over five hundred dollars.

So the court dismissed Ms. Stuart's case.

## I.

Following the dismissal, Horizon Trades sued both Ms. Stuart and her counsel from the previous case, Aubrey Givens, for malicious prosecution. Horizon Trades requested awards of "compensatory damages in an amount in excess of $100,000.00" and "punitive damages in an amount in excess of $100,000.00."

Mr. Givens moved to dismiss for failure to state a claim upon which relief can be granted. *See* Tenn. R. Civ. P. 12.02(6). He argued that the court's order in the previous litigation clearly based the dismissal on the three-year statute of limitations. Because a dismissal based on the expiration of a statute of limitations was not a favorable termination for purposes of a malicious prosecution claim, Mr. Givens submitted that Horizon Trades could not prove it was entitled to relief.

The court granted Mr. Givens's motion to dismiss. And it awarded Mr. Givens costs and attorney's fees. *See* Tenn. Code Ann. § 20-12-119(c) (Supp. 2019). The court agreed "that the statute of limitations was the basis of . . . [the] ruling in the underlying case" and that was "not a favorable disposition as necessary to create a *prima facie* claim of malicious prosecution."

The court also certified its judgment dismissing Mr. Givens as final.[2] *See* Tenn. R. Civ. P. 54.02. Horizon Trades appealed, contending that it prevailed on the merits in the previous litigation.

## II.

A motion to dismiss for failure to state a claim upon which relief can be granted under Tennessee Rule of Civil Procedure 12.02(6) "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). In filing a motion to dismiss, the defendant "admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action." *Leach v. Taylor*, 124 S.W.3d 87, 90 (Tenn. 2004); *see also Webb*, 346 S.W.3d at 426; *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn. 2005). When a complaint is challenged by a Rule 12.02(6) motion, the complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)). Making such a determination

---

[2] By the time the court heard the motion to dismiss, Horizon Trades had not obtained service on Ms. Stuart. In its order certifying the judgment as final, the court noted that "if Shermane Stuart was before the Court, the Court's ruling would be the same as to any action against her by Horizon Trades."

is a question of law. Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. *Id.* (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

The plaintiff in a malicious prosecution action "must show that (1) a prior suit or judicial proceeding was brought against plaintiff without probable cause, (2) defendant brought such prior action with malice, and (3) the prior action was finally terminated in favor of plaintiff." *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992). But not just any termination of the prior action will do. The termination "must address the merits of the suit rather than terminating the suit on procedural or technical grounds." *Himmelfarb v. Allain*, 380 S.W.3d 35, 38 (Tenn. 2012). Because the termination must be "on the merits," where other indicia of a malicious prosecution are present, counsel should consider carefully the grounds on which it seeks dismissal of the prior suit. *See* Vitauts M. Gulbis, Annotation, *Nature of Termination of Civil Action Required to Satisfy Element of Favorable Termination*, 30 A.L.R.4th 572, § 2[b] (1984) ("Although the defendant in the underlying civil proceedings may initially want nothing more than a prompt termination of the proceedings against him, where the requisite elements of malicious prosecution appear counsel may find it advisable, after consultation with his client, to pursue the strategy of securing a favorable termination of the proceedings for the purposes of a subsequent malicious prosecution action." (footnote omitted)).

A dismissal of a prior action based on a successful statute of limitations defense is not a termination on the merits. *Parrish v. Marquis*, 172 S.W.3d 526, 532-33 (Tenn. 2005), *overruled on other grounds by Himmelfarb v. Allain*, 380 S.W.3d 35 (Tenn. 2012). In *Parrish v. Marquis*, our supreme court considered a malicious prosecution claim in which the prior suit had been dismissed based on both "the expiration of the statute of limitations" and the lack of standing. *Id.* at 528. The court held neither ground for dismissal "reflect[ed] on the merits" of the prior action. *Id.* at 533.

While acknowledging the holding in *Parrish*, Horizon Trades argues that the case is distinguishable. Here, unlike in *Parrish*, it contends that the court dismissed Ms. Stuart's prior suit on both procedural and substantive grounds and that "[t]here were specific findings . . . that [went] beyond the statute of limitations." According to Horizon Trades, along with holding the complaint was barred by the statute of limitations for damage to personalty, "the Court simultaneously found and held that the action prosecuted by Aubrey Givens on behalf of Ms. Shermane Stuart was likewise barred by the statute of frauds."

We conclude that the order of dismissal from Ms. Stuart's case against Horizon Trades was based on the statute of limitations. So the dismissal of the prior suit was not on the merits. The court determined that "the gravamen of the lawsuit [wa]s one for

4

conversion and/or damages to her personal property."[3]  And later the order stated that Ms. Stuart did not have "a legitimate claim for breach of contract."  The court's alternative holding, that a claim for breach of contract would be barred by the Statute of Frauds, was founded on the premise that it may have incorrectly ascertained the gravamen of Ms. Stuart's claim.  The court was not holding that the legal basis of Ms. Stuart's claim was both tort and breach of contract.

## III.

Because its wish for a dismissal based on the statute of limitations was granted in Ms. Stuart's prior action, we affirm the dismissal of Horizon Trades' complaint for malicious prosecution.  We remand this case for such further proceedings as may be necessary and consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE

---

[3] To ascertain the gravamen of a claim, "a court must first consider the legal basis of the claim and then consider the type of injuries for which damages are sought." *Benz-Elliott v. Barrett Enters., LP*, 456 S.W.3d 140, 151 (Tenn. 2015).