IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
December 8, 2020 Session

## JOHN L. SMITH JR. v. GIOVANNI GONZALEZ ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-005431-18   James F. Russell, Judge**

_____

### No. W2019-02028-COA-R3-CV
_____

This appeal involves a challenge to the trial court's dismissal of Plaintiff's complaint. Specifically, Plaintiff contends that the trial court erred in finding that his complaint was deficient per the signature requirements in Rule 11.01(a) of the Tennessee Rules of Civil Procedure. For the reasons stated herein, we reverse the trial court's dismissal of Plaintiff's complaint and conclude it is in compliance with the requirements of Rule 11.01.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

B. Chadwick Rickman, Memphis, Tennessee, for the appellant, John L. Smith, Jr.

Minton P. Mayer and Colleen M. Schuetz, Memphis, Tennessee, for the appellee, James River Insurance Company.

### OPINION

#### BACKGROUND AND PROCEDURAL HISTORY

As a result of injuries sustained in a motor vehicle accident that occurred in Memphis, Tennessee on December 2, 2017, John L. Smith, Jr. ("Plaintiff") filed a complaint for negligence against Giovanni Gonzalez on November 30, 2018. James River Insurance Company ("James River") is Plaintiff's uninsured motorist insurance carrier and was served as an unnamed defendant to the lawsuit.

On February 14, 2019, James River filed its answer and motion to dismiss, alleging that Plaintiff's complaint did not appear to comply with Rule 11.01(a) of the Tennessee

Rules of Civil Procedure because Plaintiff's attorney did not sign the e-filed complaint. Subsequently, on May 24, 2019, James River filed a separate motion to dismiss, arguing that Plaintiff's complaint did not, in fact, comply with Rule 11.01(a) and, because Plaintiff failed to promptly cure this alleged deficiency, the statute of limitations had run. Thus, James River contended that the complaint should be dismissed.

On July 10, 2019, Plaintiff filed a response to James River's motion to dismiss. Attached to Plaintiff's response was a sworn affidavit from attorney Herbert Sievers, III, in which he stated that he had signed Plaintiff's original complaint on behalf of Plaintiff's attorney, Chadwick Rickman, with Mr. Rickman's permission.

Following a hearing on James River's motion, the trial court concluded that James River was entitled to a dismissal of Plaintiff's complaint. Specifically, the trial court found that Plaintiff's complaint was not in compliance with Rule 11.01(a) of the Tennessee Rules of Civil Procedure. Thus, Plaintiff's complaint was dismissed, and this appeal followed.[1]

## DISCUSSION

In the case before us, the dispositive issue concerns whether Plaintiff's complaint was compliant with the requirements of Rule 11.01(a). As will be discussed in more detail, *infra*, we conclude that the attorney of record's signature on Plaintiff's complaint was in compliance with Rule 11.01(a).

> Rule 11.01(a) of the Tennessee Rules of Civil Procedure provides, in pertinent part, [e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, and Tennessee Board of Professional Responsibility number, if any. . . . An unsigned paper shall be

---

[1] Although not dispositive of our ultimate conclusion, we find it pertinent to address a procedural issue. Here, James River filed a motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure, arguing that Plaintiff failed to state a claim for which relief can be granted. However, it is well established that when matters outside the pleadings are considered, a motion to dismiss effectively becomes one for summary judgment. *See* Tenn. R. Civ. P. 12.02; *Smith Mech. Contractors, Inc. v. Premier Hotel Dev. Grp.*, 210 S.W.3d 557, 562–63 (Tenn. Ct. App. 2006); *see also Staats v. McKinnon*, 206 S.W.3d 532, 543 n.14 (Tenn. Ct. App.). Tennessee case law "views matters outside the pleadings as extraneous evidence." *Patton v. Estate of Upchurch*, 242 S.W.3d 781, 786 (Tenn. Ct. App. 1995) (internal citations and quotations omitted). Accordingly, "matters outside the pleadings may include affidavits." *Id.* at 786–87. Here, the record reflects that the trial court dismissed Plaintiff's complaint due to his alleged noncompliance with Rule 11.01(a). However, we note that, upon its review of James River's motion to dismiss under Rule 12.02(6), the trial court also considered Plaintiff's affidavit from Mr. Sievers. As such, the matter should have been converted to a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 12.02.

> stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

Tenn. R. Civ. P. 11.01(a). An advisory commission comment to Rule 11 expressly states that Rule 11 "makes it an absolute requirement that the attorney, if any, sign, and makes the signature, in effect, the attorney's statement that the pleading is filed in good faith." *See* Tenn. R. Civ. P. 11.01(a) advisory commission's comment.

In this case, the complaint contains a signature bearing attorney Chadwick Rickman's name, as well as his identifying information as required under Rule 11.01(a). *See* Tenn. R. Civ. P. 11.01(a) (requiring that attorneys include their address, telephone number, and Board of Professional Responsibility number along with their signatures). Although the signature reflects that it was "by permission," this fact does not render the signature legally invalid, as the trial court appears to have concluded.[2] Indeed, a signature, as defined by Black's Law Dictionary, consists of "[a] person's name or mark written by that person or **at the person's direction**."[3] BLACK'S LAW DICTIONARY 1593 (10th ed. 2014) (emphasis added). Applying Black's Law Dictionary's definition to Rule 11.01(a), we conclude that the Rule permits a signature of an attorney by another so long as this signature was at the attorney's own **direction**. *See id.*; *see also* Tenn. R. Civ. P. 11.01(a). Indeed, our case law supports the appropriateness of signatures being made at the direction of another. As this Court has previously noted, Rule 11.01(a) is satisfied when the attorney of record directs another individual to sign a petition on his behalf. *See Tenn. Dep't of Children's Servs. v. M.S.*, No. M2003-01670-COA-R3-CV, 2005 WL 549141, at *8 n.10 (Tenn. Ct. App. Aug. 29, 2005). Moreover, in *Brown v. State*, No. M2001-03067-CCA-R3-PC, 2002 WL 31465262 (Tenn. Crim. App. Nov. 5, 2002), a petitioner's trial counsel's law license had been suspended and subsequently reinstated in part on the condition that another attorney, serving as a "practicing monitor," would "co-sign all of his pleadings and court filings." *Id.* at 5. The trial counsel testified that he had signed his practicing monitor's name "by permission" on various pleadings that he had filed in the case after discussing the motions with the practicing monitor. *Id.* In response, the practicing monitor confirmed the trial counsel's statement, stating that he had in fact given the trial counsel permission to sign his name to the motions. *Id.*

---

[2] We note that, based on the transcript from the hearing on this matter, the trial court referenced *Willette v. Hulse*, No. M2009-01479-COA-R3-CV, 2010 WL 3928627 (Tenn. Ct. App. Oct. 6, 2010), in support of its oral ruling, stating that "the Court in *Willett[e] vs. Hulse* articulated at length the purpose behind Rule 11 and why one person signing a complaint for another person with permission is simply not permitted under Rule 11." However, upon reviewing the *Willette* decision, we find no such discussion. Rather, the Court merely noted that plaintiff's wife, a non-party and non-lawyer, had signed the original complaint. *Id.* at *4. There is no indication that there was ever a signature on behalf of another with permission, as is the case here. As such, we do not find this case dispositive of the issue before us.

[3] Tennessee courts have previously relied upon dictionary definitions in analyzing terms under the Rules of Civil Procedure. *See e.g., Himmelfarb v. Allain*, 380 S.W.3d 35, 40 (Tenn. 2012) (referring to *Black's Law Dictionary* to support its definition of "dismissal without prejudice").

- 3 -

In this case, Plaintiff's counsel, Mr. Rickman, directed another attorney at his firm, Mr. Sievers, to sign Mr. Rickman's name to the original complaint on his behalf and with his permission. At no point in the proceedings below, nor on appeal, have there been any allegations or proof that Mr. Rickman did not give Mr. Sievers his permission to sign the complaint, was not familiar with the contents of the complaint, or otherwise did not comply with his obligations pursuant to Rule 11. Therefore, we conclude that the signature of "Chadwick Rickman (by permission)" was sufficient to warrant the complaint valid under Rule 11.01(a). However, while we find Plaintiff's counsel's signature by permission to be a valid signature under Rule 11.01(a), we note that the better practice would be for attorneys to identify themselves when signing with permission for another attorney under Rule 11.01(a) in order to avoid any confusion as was created here.

## CONCLUSION

Because we conclude that the signature on Plaintiff's complaint is in compliance with the requirements set forth in Rule 11.01(a), we reverse the trial court's granting of James River's motion to dismiss. All other issues presented for our review on appeal are pretermitted and the case is remanded for further proceedings not inconsistent with this Opinion.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE