IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 15, 2015

**LEONARD ROWE v.
HAMILTON COUNTY BOARD OF EDUCATION ET AL.**

**Appeal from the Circuit Court for Hamilton County
No. 14C333      W. Jeffrey Hollingsworth, Judge**

---

**No. E2014-01978-COA-R3-CV-FILED-JULY 13, 2015**

---

In this breach of contract action, the plaintiff appeals the trial court's grant of summary judgment to the defendants on *res judicata* grounds. The plaintiff in his complaint alleged that the defendant school district and defendant school superintendent breached a contract with him for continuing employment as a certified public school teacher. Upon consideration of competing motions for summary judgment, the trial court found that the plaintiff had no enforceable contract with the defendants and that his claim was identical to that asserted in at least one previous lawsuit decided on the merits. The court therefore concluded that the action was barred by the doctrine of *res judicata*. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded.**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

Leonard Rowe, Chattanooga, Tennessee, Pro Se.

D. Scott Bennett, Mary C. DeCamp, and Andrew J. Godbold, Chattanooga, Tennessee, for the appellees, Hamilton County Board of Education and Rick Smith, Superintendent.

**OPINION**

I. Factual and Procedural Background

This appeal arises from the trial court's grant of summary judgment to the defendants, the Hamilton County Board of Education and its superintendent, Rick Smith (collectively, "Defendants"), on the basis of, *inter alia*, *res judicata*. In reaching this

conclusion, the trial court noted previous state and federal actions brought unsuccessfully by Mr. Rowe against Defendants or their predecessors and found that the case at bar was based on the same nexus of facts. In particular, our Supreme Court's decision in *Rowe v. Bd. of Educ. of the City of Chattanooga*, 938 S.W.2d 351, 353 (Tenn. 1996) ("*Rowe II*") summarizes much of the pertinent factual and procedural history as follows:

> Rowe is a certified and licensed school teacher. In addition, he has two master's degrees and is certified as an educational specialist. He began teaching in the Chattanooga school system in 1967, but was denied tenure at the end of the 1968-69 school year. After brief service in the military, Rowe returned to teaching in Chattanooga and was granted tenure in either 1972 or 1973. He continued teaching in the Chattanooga system until 1980 when he was discharged "for cause, including insubordination, and inefficiency." The charges against Rowe primarily arose from his conduct during and after a discussion with the principal about Rowe's evaluation. Specifically, Rowe was charged with walking out of two conferences called by the principal, refusing to enter into discussion with the principal, and stating that the principal had not been truthful about previous events. After a hearing before the Board, Rowe was dismissed. Rowe appealed the dismissal, but the Board's decision was upheld by both the Chancellor and the Court of Appeals.

> Beginning in 1986 or 1987, Rowe again attempted to obtain a teaching job in the Chattanooga school system. He was placed on the substitute teacher's list in 1987 and worked on a part-time, as needed basis, approximately one-half of the school days that year. There were no negative occurrences reported as a result of his employment, and Rowe received favorable recommendations for full time employment from the principals of two schools where he taught. Sometime after the school year ended, however, Reynolds, the new superintendent of schools, was asked by Board members why Rowe's name was placed on the substitute teacher's list when he previously had been discharged for cause by the Board. Upon verifying Rowe's prior for cause dismissal, Reynolds directed that Rowe's name be removed from the substitute teacher's list.

> Despite his removal from the substitute teacher's roster, Rowe continued to apply for full-time, permanent employment within the Chattanooga school system. When his efforts proved unsuccessful, Rowe filed a complaint with the City of Chattanooga Human Rights and Human Relations Commission in 1990, alleging that the Board had discriminated against him on the basis of race by removing his name from the substitute

2

teacher's list and by hiring applicants for two vacant principal positions for which he had applied. After a full investigation and a hearing, the Commission concluded that Rowe had failed to establish racial discrimination, but recommended that the Board adopt a uniform policy to address "previously dismissed teachers' and substitute teachers' ability to obtain employment within the Chattanooga Public Schools." In response, the Board, on April 8, 1991, adopted policy 4117.5, which provides as follows:

> Any employee of the Board of Education terminated for cause, inefficiency, or immorality shall not be eligible for reemployment, whether at the same or different level. Neither shall such individuals be eligible for employment on a contract basis, including serving as substitute teacher.

Thereafter, Rowe filed a complaint pursuant to 42 U.S.C. § 1983 against the Board and Reynolds, alleging that their refusal to consider him for a position in the Chattanooga school system violated his rights under the Fourteenth Amendment of the United States Constitution. Rowe sought a declaratory judgment that Board policy 4117.5 was an unconstitutional infringement upon his property and liberty rights to pursue his chosen occupation. In addition, he sought back pay from the time the Board had adopted the policy, alleging that he would have been hired had the policy not been adopted.

Following a bench trial, the chancellor invalidated the policy, but refused to award Rowe any other relief, concluding there was no proof "to indicate that Mr. Rowe would have been rehired but for this policy statement."

*Rowe II*, 938 S.W.2d at 353-54.[1]

---

[1]Pursuant to Tennessee Rule of Evidence 201(b)(2), this Court may take judicial notice of a fact "not subject to reasonable dispute, in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See, e.g., City of Chattanooga v. Tenn. Regulatory Auth.*, No. M2008-01733-COA-R12-CV, 2010 WL 2867128 at *3 (Tenn. Ct. App. July 21, 2010) ("We may take judicial notice of our Court's records and of records from 'other cases advancing a similar claim of relief and involving the same parties or in collateral cases presenting similar or related issues.'") (quoting *Mosely v. Brandon*, No. M2006-02398-CCA-R3-HC, 2007 WL 1774309 at *4 (Tenn. Crim. App. June 20, 2007)).

Upon appeal of the chancery court's decision referenced above, this Court affirmed the ruling that the Board's policy was unconstitutional but reversed the chancery court's finding as to Mr. Rowe's property and liberty interests in his rehiring potential and remanded for a hearing to determine Mr. Rowe's damages, if any. *Id.* at 354. Upon certiorari granted to the defendants in that action, our Supreme Court determined that Mr. Rowe did not have a property or liberty interest in potential employment with the Chattanooga school system and affirmed the chancery court's dismissal of his complaint. *Id.* at 356-57. ("[Mr. Rowe cannot] now complain about the *effect* of his prior [employment] dismissal for cause, a proceeding in which he was afforded due process, on his future employment opportunities.") (emphasis in original).

Approximately ten years prior to our Supreme Court's 1996 decision in *Rowe II*, Mr. Rowe first brought an action in federal court related to his employment with the Chattanooga school system after his first state appeal of that termination had proven unavailing. *See Rowe v. Bd. of Educ. of City of Chattanooga*, 755 F.2d 933 (6th Cir. 1985) ("*Rowe I*"). In his initial federal action, Mr. Rowe, proceeding self-represented, asserted a civil rights claim under 42 U.S.C. §§ 1983 and 1985. *See id.* at 933. In *Rowe I*, the United States Court of Appeals for the Sixth Circuit affirmed the district court's dismissal of Mr. Rowe's action on the basis of *res judicata*, citing the prior state court action. *See id.* ("It is clear that the present action arises from the same set of facts as the prior state court action and the issues here either were or could have been litigated in the prior action.").

On July 1, 1997, the Hamilton County Board of Education assumed operation of the school district from the Board of Education of the City of Chattanooga. Defendants acknowledge that at the time of the operation transfer, individuals who were employed by the Board of Education of the City of Chattanooga became employees of the Hamilton County Board of Education. It is undisputed, however, that Mr. Rowe had not been employed in any capacity within the Chattanooga or Hamilton County public schools since 1987.

Since the Hamilton County Board of Education assumed operation of the school district in 1997, Mr. Rowe, again acting without benefit of counsel, has filed two separate actions in federal district court, both related to his inability to obtain employment as a teacher in the district since his removal from the substitute teacher list in 1987. In the first of these actions, Mr. Rowe named as defendants Jesse Register as the former superintendent of the Hamilton County Department of Education, as well as the Board and its individual members. *See Rowe v. Register*, 172 F. App'x 660 (6th Cir. 2006) ("*Register I*"). The district court dismissed Mr. Rowe's complaint, in which he had alleged violations of his rights under the Fourteenth Amendment and Title VII of the Civil Rights Act of 1964. *Id.* at 660. On appeal to the Sixth Circuit, the federal appellate

4

court affirmed the district court's dismissal of the complaint. *Id.* at 661. ("Put simply, the district court concluded that Rowe provided insufficient allegations to even establish any claim of employment discrimination under state or federal law.").

Mr. Rowe named the same defendants in a subsequent action brought in federal district court. *See Rowe v. Register*, No. 1:07-cv-20, 2008 WL 2009186 (E.D. Tenn. May 8, 2008) ("*Register II*"). In *Register II*, the district court dismissed with prejudice Mr. Rowe's complaint on the basis of, *inter alia*, the doctrine of *res judicata* and a finding that Mr. Rowe "does not have a legitimate claim of entitlement to any contract of employment as a teacher with the Hamilton County school system." *Id.* at *12-14 ("Despite the adverse results of the extensive prior litigation, Rowe wants yet another bite of the same apple."). According to the district court's decision, Mr. Rowe's complaint in that action alleged breach of contract and "vague, conclusory references to 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution, and due process." *Id.* at *1. In its decision, the district court also enjoined Mr. Rowe from filing in its court further lawsuits against the same defendants and "any person or persons who either currently or in the future occupy and hold the position of Superintendent of Hamilton County Department of Education in Hamilton County, Tennessee," without first obtaining the court's written approval. *Id.* at *24.

Again self-represented, Mr. Rowe filed the instant complaint in the Hamilton County Circuit Court ("trial court") on March 6, 2014, alleging breach of contract and claiming damages exceeding $1,000,000.00 for lost employment opportunity. In response, Defendants filed a motion to dismiss the action on March 14, 2014, asserting that no enforceable contract had ever existed between Mr. Rowe and Defendants. The trial court denied the motion to dismiss in an order entered April 4, 2014. Defendants subsequently filed an answer to the complaint.

The parties thereafter filed competing motions for summary judgment. The trial court granted summary judgment in favor of Defendants in a Memorandum Order entered August 26, 2014. In addition to concluding that Mr. Rowe's complaint was barred by the doctrine of *res judicata*, the court found that Mr. Rowe had never entered into a contract with Defendants, in part because he undisputedly was not an employee of the Chattanooga Public School System when the Hamilton County Board of Education assumed operation of the schools in 1997. Mr. Rowe filed a motion to reconsider, which the trial court denied in an order entered September 22, 2014. Mr. Rowe timely appealed.

5

## II. Issues Presented

Mr. Rowe presents one issue for our review, which we restate as follows:

1. Whether the trial court erred by granting summary judgment in favor of Defendants on the basis of *res judicata*.

Defendants also proffer an additional issue, which we restate as follows:

2. Whether the trial court correctly determined that Defendants were not in breach of any enforceable contract because Mr. Rowe never had a contract of employment with them.

## III. Standard of Review

For actions initiated on or after July 1, 2011, such as the one at bar, the standard of review for summary judgment delineated in Tennessee Code Annotated § 20-16-101 (Supp. 2014) applies. *See Sykes v. Chattanooga Hous. Auth.*, 343 S.W.3d 18, 25 n.2 (Tenn. 2011). The statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> > (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> >
> > (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101.[2]

---

[2]As this Court has explained:

> Section 20-16-101 was enacted to abrogate the summary-judgment standard set forth in *Hannan* [*v. Alltell Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008)], which permitted a trial court to grant summary judgment only if the moving party could either (1) affirmatively negate an essential element of the nonmoving party's claim or (2) show that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan*, 270 S.W.3d at 5. The statute is intended "to return the summary judgment burden-shifting analytical framework to that which existed prior to *Hannan*, reinstating the 'put up or shut up' standard." *Coleman v. S. Tenn. Oil Inc.*, No. M2011-01329-COA-R3-CV, 2012 WL 2628617, at *5 n.3 (Tenn. Ct. App. July 5, 2012).

In reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)). We note also that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart*, 368 S.W.3d at 463 (citing *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

## IV. *Res Judicata*

Mr. Rowe contends that the doctrine of *res judicata* should not apply to the instant action because he has raised previously unlitigated allegations to support his breach of contract claim. In particular, he asserts on appeal that Defendants willfully and intentionally engaged in unfair, unlawful, and deceptive business practices that resulted in fraudulent concealment of facts. Defendants maintain that the trial court properly found this action barred by *res judicata*. In particular, Defendants argue that Mr. Rowe failed to raise new allegations in his complaint and, in any case, failed to support such allegations with any new supporting facts. Having carefully reviewed the record, we agree with Defendants on this issue.

Our Supreme Court has explained the doctrine and essential requirements of *res judicata* as follows:

> The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit. *Creech v. Addington*, 281 F.W.3d 363, 376 (Tenn. 2009); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (quoting *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989)). It is a "rule of rest," *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976), and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost

*Walker v. Bradley County Gov't*, No. E2013-01053-COA-R3-CV, 2014 WL 1493193 at *3 n.3 (Tenn. Ct. App. Apr. 15, 2014). *See also Sykes*, 343 S.W.3d at 25 n.2.

7

and vexation of multiple lawsuits.  *In re Estate of Boote*, 198 S.W.3d 699, 718 (Tenn. Ct. App. 2005); *Sweatt v. Tennessee Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002).

> The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.  *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *see also Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990).  A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness.  *In re Estate of Boote*, 198 S.W.3d at 719.

*Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012).

In finding that the instant action was barred by the doctrine of *res judicata*, the trial court stated the following specific findings of fact and conclusions of law in pertinent part:

> Leonard Rowe was a teacher in the Chattanooga Public School System.
>
> Mr. Rowe was dismissed by the Chattanooga Public School System for cause in 1980.
>
> Mr. Rowe was not an employee of the Chattanooga Public School System when it merged with the Hamilton County School System.
>
> Mr. Rowe was never under contract with the Hamilton County Board of Education or Rick Smith, the Superintend[e]nt of the Hamilton County Schools.
>
> Mr. Rowe has brought several lawsuits against the Hamilton County Board of Education, alleging the same grounds. Those lawsuits were dismissed.
>
> In the case of Rowe v. Register [*Register II*], Judge Allan Edgar of the U.S. District Court dismissed an action filed in that court alleging the

same complaints against the Board of Education as this lawsuit. Judge Edgar based his dismissal of that suit on res judicata, among other reasons.

* * *

The claims asserted by Mr. Rowe in this case are identical to claims raised in previous cases, which have been resolved against Mr. Rowe. Therefore, these claims are barred by the doctrine of res judicata. The issues raised in this case have been finally decided in previous cases.

Therefore, it is Ordered that the Defendants' motion for summary judgment is **Granted** and all of Mr. Rowe's claims against the Defendants are dismissed with prejudice. This is a final judgment of all claims raised by Mr. Rowe.

(Paragraph numbering omitted). Upon our careful and thorough review of the record and applicable authority, we agree with the trial court's findings and conclusions of law.

As to the elements that must be established in order for *res judicata* to apply, Mr. Rowe does not dispute that each prior court decision cited by Defendants was rendered in a court of competent jurisdiction and was a final judgment on the merits. In *Register II* in particular, the federal district court noted that it was exercising subject matter jurisdiction over federal civil rights claims and, under the circumstances of Mr. Rowe's action, supplemental jurisdiction over his breach of contract and related claims. *See Register II*, 2008 WL 2009186 at *1 n.1, *5 ("When Rowe refers to 'pendent jurisdiction,' the Court infers that he means supplemental jurisdiction under 28 U.S.C. § 1367."). We note that for a federal decision regarding supplemental state-law issues, such as contract issues, to have preclusive effect in state court, (1) the federal decision must have been an "adjudication on the merits" under Federal Rule of Civil Procedure 41(b) and (2) our decision to apply state claim-preclusion law must not be 'incompatible with federal interests.'" *Cooper v. Glasser*, 419 S.W.3d 924, 929-30 (Tenn. 2013) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001)). Upon our thorough review of the applicable federal decisions regarding Mr. Rowe's claims, we determine these requirements for application of state claim-preclusion law to have been met.

Mr. Rowe also does not dispute the element of privity among the defendants to his previous actions regarding his employment within the Chattanooga school system and the current action. We determine, however, that in order to analyze which prior lawsuits may have preclusive effect concerning the current action, we must address the element of privity. The trial court noted "several lawsuits" brought by Mr. Rowe against the Defendants and in particular cited the preclusive effect of *Register II*, the 2008 district

court decision rendered in favor of the Hamilton County Board of Education on grounds that no contract existed between the parties and that Mr. Rowe's action was barred by the doctrine of *res judicata*. *See* Tenn. R. Evid. 201(b) (providing in pertinent part for the trial court's discretion to take judicial notice of facts "not subject to reasonable dispute" when such facts are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."). In its turn, the district court in *Register II* had taken judicial notice of the federal Sixth Circuit's 2006 decision in *Register I*, 172 F. App'x 660, and the much earlier 1985 Sixth Circuit decision in *Rowe I*, 755 F.2d 933. The district court in *Register II* also took notice of the Tennessee Supreme Court's 1996 decision in *Rowe II*, 938 S.W.2d 351.

Upon careful review, we determine that the same parties or their privies were involved in the 1996 resolution of the state action before our Supreme Court and the 1985 and 2006 decisions resolved by the federal Sixth Circuit. In addition, we determine that the same parties or their privies were involved in the 2008 federal district court decision citing these previous actions. The sole plaintiff in each lawsuit has been Mr. Rowe. In *Rowe II*, resolved by our Supreme Court's 1996 decision, Mr. Rowe named as defendants the Board of Education of the City of Chattanooga and Dr. Harry Reynolds, Superintendent. *See* 938 S.W.2d at 351. In the earlier federal Sixth Circuit decision in *Rowe I*, Mr. Rowe named as defendants the Board of Education of the City of Chattanooga, one individual board member, and James D. McCullough as the Superintendent of Schools at the time the action was commenced. *See* 755 F.2d at *1.

Following the transfer of the school system's administration to the Hamilton County Board of Education in 1997, Mr. Rowe named as defendants in two federal actions the Hamilton County Board of Education, individual board members, and former superintendent Jesse Register. *See Register I*, 172 F. App'x at 660; *Register II*, 2008 WL 2009186 at *1. In the instant action, Mr. Rowe again named as defendants the Hamilton County Board of Education and its superintendent, who was by that time co-defendant Rick Smith. The defendants named in Mr. Rowe's various lawsuits involving the Chattanooga school system are in privity for the purposes of *res judicata* because they are successors in interest in relation to the subject matter of the litigation. "Privity within the meaning of the doctrine of *res judicata* is privity as it exists in relation to the subject matter of the litigation." *Foster v. Fed. Nat'l Mortg. Ass'n*, No. E2012-02346-COA-R3-CV, 2013 WL 3961193 at *4 (Tenn. Ct. App. July 31, 2013) (quoting *Harris v. St. Mary's Med. Ctr., Inc.*, 726 S.W.2d 902, 905 (Tenn. 1987)). In the context of *res judicata*, "'[p]rivity connotes an identity of interest, that is, a mutual or successive interest to the same rights.'" *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000) (internal citations omitted).

Having determined that all other elements of *res judicata* are satisfied as to the preclusive effect of previous court decisions, we now turn to Mr. Rowe's instant claim for breach of contract. Mr. Rowe does not dispute the trial court's finding that he previously had brought against Defendants the claim of breach of contract in *Register II*. *See Register II*, 2008 WL 2009186 at *12-14 (dismissing with prejudice, *inter alia*, Mr. Rowe's breach of contract claim upon the court's finding that Mr. Rowe "does not have a legitimate claim of entitlement to any contract of employment as a teacher with the Hamilton County school system."). Mr. Rowe asserts on appeal that he is bringing a previously unlitigated claim because he alleges that Defendants "willfully and intentionally engaged in unfair, unlawful and deceptive business practices resulting in breach of contract and fraudulent concealment of facts . . . ." Mr. Rowe also states in his appellate brief that he seeks to "recover damages for breach of contract," still the cause of action that he contends resulted from Defendants' actions.

As Defendants note, Mr. Rowe raises additional allegations of deceptive business practices and fraudulent concealment of facts for the first time on appeal. It is well settled that "issues not raised in the trial court cannot be raised for the first time on appeal." *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991). Moreover, Mr. Rowe presents no specific factual explanation to support his additional allegations on appeal of deceptive business practices and fraudulent concealment. Upon our thorough review of the record, we determine that Mr. Rowe has failed to raise a new claim or cause of action.[3]

We conclude that the trial court correctly determined that the claims Mr. Rowe has made in this action arise from the same nexus of facts as those claims presented in his previous litigation. As to Mr. Rowe's claim for breach of contract, we further conclude that the trial court correctly found that Mr. Rowe brought no claim in his complaint not previously litigated by the federal district court in *Register II*. The trial court did not err by dismissing the instant action on the basis of *res judicata*.[4]

---

[3]To the extent that Mr. Rowe in his complaint alleges Defendants' interference with his "right to enter, hold and enforce contractual relationships," we note that the complaint asserts no contractual relationships other than with Defendants and therefore does not state a separate cause of action for intentional interference with contractual relations. *See* Tenn. Code Ann. § 47-50-109 (2013).

[4]Mr. Rowe has not raised as an issue on appeal the trial court's further direction in its Memorandum Order that "Mr. Leonard Rowe is put on notice that the filing of any other lawsuit in any court alleging these same claims against the Defendants, particularly the Hamilton County Board of Education, will make him subject to the imposition of sanctions for abuse of the legal system." *See* Tenn. R. Civ. P. 11. We caution Mr. Rowe to heed the trial court's admonition.

## V.  Enforceable Contract

Defendants in their responsive brief raise the issue of whether the trial court properly found that no enforceable contract existed between Mr. Rowe and Defendants. The trial court specifically found that because Mr. Rowe was not employed by the Chattanooga Public School System at the time of its transfer of operations to co-defendant Hamilton County Board of Education, Mr. Rowe never entered into a contract with Defendants.  Having determined that the trial court did not err in finding that the instant action was barred by application of the doctrine of *res judicata*, we further determine that the issue of whether an enforceable contract existed is pretermitted as moot.

## VI.  Conclusion

For the reasons stated above, we affirm the trial court's grant of summary judgment to Defendants.  The costs on appeal are assessed against the appellant, Leonard Rowe.  This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE

12