A95A0607. AUSTIN et al. v. COCA-COLA COMPANY et al.
(458 SE2d 409)

McMurray, Presiding Judge.

Plaintiffs Austin and Delvin are husband and wife, and shareholders of plaintiff BreakTime Fountain Service, Inc. The corporate plaintiff acquired a distributorship for Coca-Cola products via low-volume dispensers called "BreakMate Machines." The BreakMate Machines were microwave oven-sized devices which dispensed three flavors of fountain soft drinks at competitive prices and were intended for placement in commercial locations.

The business enterprise undertaken by the corporate plaintiff was not successful due at least in part to greater than expected problems with the reliability of the BreakMate Machines and less than anticipated revenues. After the business failure, litigation commenced and more than a half dozen cases have been filed in the state and federal courts of Texas and Georgia with essentially the same parties. The Coca-Cola Company and related parties were successful in an action filed in the United States District Court for Northern

Georgia, obtaining a judgment against plaintiffs for an amount of money owed based on Coca-Cola's financing of the purchase of BreakMate Machines. Plaintiffs have repeatedly asserted the same claims presented in their complaint in the case sub judice. These claims are predicated on theories of breach of contract and warranty, negligence, and fraud.

The named defendants who were served with summons and process in this case include the Coca-Cola Company and a number of its subsidiaries. The defendants named, but unserved, include Break-Time Enterprises, Inc., the distributor of the BreakMate Machines, which at the time of the transactions in question was unrelated to the Coca-Cola parties.

This appeal is taken from the grant of summary judgment in favor of the Coca-Cola parties and against plaintiffs. The order entered by the superior court sets forth multiple reasons for the judgment entered. Plaintiffs have presented enumerations of error addressed to most of the issues identified in the superior court order. Since we affirm because the plaintiffs' claims are barred by the doctrine of res judicata, most of the issues raised are rendered moot and will not be discussed. *Held*:

The superior court stated two separate and independent theories underlying its conclusion that plaintiffs' claims were barred by res judicata. First, the superior court concluded that all of the claims asserted by plaintiffs in this action could and should have been asserted as counterclaims to the Coca-Cola parties' monetary claims in the Georgia federal action in which these monetary claims were finally adjudicated in a consent judgment against the plaintiffs in the case sub judice. We will not reach the merits of plaintiffs' arguments against this conclusion but will decide this appeal on the basis of the second reason given by the superior court for finding plaintiffs' claims barred by res judicata.

In 1990, and again in 1991, actions were initiated in the state courts of Texas which raised the same issues raised in the case sub judice. In each instance, the action was removed to the United States District Court for the Southern District of Texas where the plaintiffs in the case sub judice voluntarily dismissed their claims. The superior court correctly determined that the second of these dismissals operated as an adjudication on the merits under the rule set forth in FRCP 41 (a) (1). *Manning v. South Carolina Dept. of Highway & Public Transp.*, 914 F2d 44, 47 (II).

Those familiar with the federal rules recognize that a distinction exists between a notice of dismissal and a stipulated dismissal, and that the two-dismissal rule is triggered only where the second dismissal is by notice of dismissal. *Sutton Place Dev. Co. v. Abacus Mtg. &c. Co.*, 826 F2d 637, 640 (II). Plaintiffs argue that they "have never filed

a notice of dismissal." But this is incorrect. The record on appeal shows that in August 1991, plaintiffs filed a notice of dismissal in regard to their claims in one of the Texas federal cases and that this followed a stipulated dismissal of the same claims in the same court the previous year.

" 'A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.' OCGA § 9-12-40. In order for the res judicata doctrine to apply, three prerequisites must be established: (1) identity of parties; (2) identity of the cause of action; and (3) prior adjudication by a court of competent jurisdiction. *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343, 345 (270 SE2d 883) (1980). Also OCGA § 9-12-42 provides the merits of the case must have been adjudicated for the judgment to be a bar to subsequent action." *State Bar of Ga. v. Beazley*, 256 Ga. 561, 562 (1) (350 SE2d 422). See also *Greene County Hosp. Auth. v. Waldroup*, 215 Ga. App. 344, 347 (2) (451 SE2d 62). Since plaintiffs' claims were previously adjudicated, they are now barred by the doctrine of res judicata. The grant of summary judgment in favor of the Coca-Cola parties was not error.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JUNE 19, 1995.

*Nall, Miller, Owens, Hocutt & Howard, Robert L. Goldstucker*, for appellants.

*W. Thomas Haynes, Elizabeth F. Johnson*, for appellees.

