IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
May 31, 2013 Session


**JEFFREY R. COOPER v. PHILLIP GLASSER ET AL.**


**Appeal by Permission from the Court of Appeals, Middle Section
Circuit Court for Davidson County
No. 11C3952      Joseph B. Binkley Jr., Judge**

---

**No. M2012-00344-SC-R11-CV - Filed November 26, 2013**

---

The plaintiff filed a lawsuit against the defendants in California state court, alleging a number of business-related torts. After one of the defendants moved to dismiss based on a forum selection clause contained in the parties' contract, the plaintiff voluntarily dismissed his California complaint and refiled his action in the United States District Court for the Middle District of Tennessee. In his federal court complaint, the plaintiff invoked federal-question jurisdiction by pleading a number of federal securities law violations. In its discretion, the federal district court exercised supplemental jurisdiction over the plaintiff's state-law claims. One of the defendants moved to dismiss the plaintiff's complaint, arguing that the statute of limitations applicable to the plaintiff's federal securities law claims had expired. Before the federal court could dispose of the motion, the plaintiff voluntarily dismissed his complaint without court approval pursuant to Federal Rule of Civil Procedure 41(a). The plaintiff later filed the present action in the Circuit Court for Davidson County, Tennessee, pleading only three of the state-law claims that formed the basis for his two previously dismissed lawsuits. The defendants moved for summary judgment, alleging that the plaintiff's claims were barred by the plaintiff's second voluntary dismissal in federal court. The trial court granted summary judgment, and the Court of Appeals affirmed. We granted the plaintiff permission to appeal. We conclude that a plaintiff's second voluntary dismissal of supplemental state-law claims filed in federal court does not, under Tennessee law, preclude the plaintiff from later refiling an action based on the same claims in Tennessee state court. We therefore reverse the judgment of the Court of Appeals and remand this case to the trial court for further proceedings.


**Tenn. R. App. P. 11 Appeal by Permission;
Judgment of the Court of Appeals Reversed; Case Remanded**


JANICE M. HOLDER, J., delivered the opinion of the Court, in which GARY R. WADE, C.J., and CORNELIA A. CLARK, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Andrew W. Coffman, Philip K. Lyon, and Richard S. Busch, Nashville, Tennessee, and Neville L. Johnson, Beverly Hills, California, for the appellant, Jeffrey R. Cooper.

Cheyenne K. Kinghorn, Nashville, Tennessee, for the appellees, Phillip Glasser and David Glasser.

Stephen Andrew Lund, Dallas, Texas, for the appellee, Richard Glasser.

## OPINION

### I. Facts and Procedural History

On June 24, 2010, Jeffrey Cooper filed a lawsuit against Phillip Glasser, Richard Glasser, and David Glasser ("the Glassers") in the Superior Court for Los Angeles County, California. Mr. Cooper alleged that the Glassers materially misrepresented certain facts to induce him to invest $500,000.00 in the Glassers' start-up movie-production company, Hi-Def Entertainment, LLC.[1] Mr. Cooper sought compensatory, declaratory, and injunctive relief for the Glassers' alleged fraud, breach of contract, conversion, promissory estoppel, tortious interference with contractual relations, and violations of California securities law. Before any of the Glassers filed an answer, Richard Glasser moved to dismiss Mr. Cooper's complaint based on a forum selection clause in the parties' contract that limited the appropriate fora to courts sitting in either Williamson or Davidson County, Tennessee. Without opposing the motion, Mr. Cooper voluntarily dismissed his complaint without prejudice on September 15, 2010.

Less than two months after voluntarily dismissing his California state court action, Mr. Cooper filed a complaint in the United States District Court for the Middle District of Tennessee. In addition to the causes of action he pleaded in his first complaint, Mr. Cooper alleged violations of federal and Tennessee securities law. Shortly after receiving the complaint, Phillip Glasser moved to dismiss the federal action on federal statute of limitations grounds. Mr. Cooper, again without opposing the motion, filed a notice of voluntary dismissal on February 15, 2011. See Fed. R. Civ. P. 41(a)(1)(A)(i) (permitting a plaintiff to dismiss his action without court approval by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.").

---

[1] Mr. Cooper also named Does 1-50 as defendants in his complaint, alleging that these unknown persons were also involved in the fraudulent behavior that induced him to invest in the Glassers' company.

On October 5, 2011, Mr. Cooper filed the present lawsuit in the Circuit Court for Davidson County, Tennessee, in which Mr. Cooper alleges only the fraud, promissory estoppel, and breach-of-contract claims that he had previously dismissed in both California and federal court. The Glassers quickly moved for summary judgment, arguing that Mr. Cooper's second voluntary dismissal in federal court precluded him from refiling a lawsuit based on the same claims. See Fed. R. Civ. P. 41(a)(1)(B) (providing that a plaintiff's notice of dismissal results in a dismissal "without prejudice" unless "the plaintiff previously dismissed any federal- or state-court action based on or including the same claim"). Mr. Cooper, however, argued that his claim was properly filed pursuant to Tennessee's three-dismissal rule. See Tenn. R. Civ. P. 41.01(2) (stating that "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim.").[2] The trial court ultimately determined that Federal Rule of Civil Procedure 41(a)(1)(B) governed the claim-preclusive effect of Mr. Cooper's notice of voluntary dismissal.[3] The trial court therefore granted the Glassers' motion for summary judgment, which the Court of Appeals affirmed. We granted Mr. Cooper permission to appeal.

## II. Analysis

This case is on appeal following the trial court's grant of summary judgment. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Because the parties do not dispute the underlying facts in this case, we are presented with a pure question of law, which we review de novo with no presumption of correctness. Abshure v. Methodist Healthcare-Memphis Hosps., 325 S.W.3d 98, 103 (Tenn. 2010); Frye v. Blue Ridge Neuroscience Ctr., P.C., 70 S.W.3d 710, 712 (Tenn. 2002).

---

[2] Tennessee appears to be the only jurisdiction with a procedural rule or statute that specifically permits a plaintiff to refile a lawsuit after two voluntary dismissals. See Tenn. R. Civ. P. 41.01(2). Most states have adopted the federal two-dismissal rule in some form. See, e.g., Ala. R. Civ. P. 41(a)(1); Haw. R. Civ. P. 41(a)(1)(B); Nev. R. Civ. P. 41(a)(1); Or. R. Civ. P. 54(A)(1). Some states, however, have a rule that arguably permits a plaintiff to refile without any limitation on the number of voluntary dismissals. See, e.g., Miss. R. Civ. P. 41(a)(1) (providing that "[u]nless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice."); Mont. R. Civ. P. 41(a)(1)(B) (stating that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice."); N.J. R. Civ. P. 4:37-1(a) (providing that "[u]nless otherwise stated in the notice or stipulation, the dismissal is without prejudice.").

[3] Although the terms "res judicata" and "claim preclusion" are interchangeable, Creech v. Addington, 281 S.W.3d 363, 376 (Tenn. 2009), we use the term "claim preclusion" throughout this opinion.

-3-

Mr. Cooper argues that Tennessee's claim-preclusion law governs his ability to refile the present action in Tennessee state court. The Glassers, however, maintain that federal claim-preclusion law is binding on our courts because the federal district court exercised federal-question jurisdiction over Mr. Cooper's lawsuit. We must therefore determine whether a plaintiff's second voluntary dismissal of supplemental state-law claims filed in federal court precludes the plaintiff from later refiling an action based on the same state-law claims in Tennessee state court.

Because this is an issue of first impression, we find it helpful to examine the approaches taken by other jurisdictions. Our research reveals, however, that only Georgia has examined the issue presented in this case. In Austin v. Coca-Cola Co., 458 S.E.2d 409 (Ga. Ct. App. 1995), the plaintiffs filed suit against several defendants on two separate occasions in a Texas state court for the same business-related claims. On both occasions, the defendants removed the action to federal court, and the plaintiffs voluntarily dismissed their complaints without court approval. Austin, 458 S.E.2d at 411. The plaintiffs later filed another complaint in a Georgia state court in reliance on Georgia's voluntary dismissal statute, which at the time permitted a plaintiff to refile a lawsuit after two voluntary dismissals. See Ga. Code. Ann. § 9-11-41(a)(3) (1995).[4] The defendants moved for summary judgment, contending that the plaintiffs' claims were precluded by the plaintiffs' second voluntary dismissal in federal court. Austin, 458 S.E.2d at 410.

Without explaining whether Georgia law or federal law controlled, the Georgia Court of Appeals determined that the plaintiffs' claims were resolved "on the merits" in federal court and were therefore barred. Austin, 458 S.E.2d at 411. The Georgia Court of Appeals' brief analysis in Austin provides little assistance in resolving the issue in this case. Moreover, Austin preceded the United States Supreme Court's decision in Semtek International Inc. v. Lockheed Martin Corp., in which the Court held that a federal district court exercising diversity jurisdiction should apply the claim-preclusion law of the state "in which the federal court sits." 531 U.S. 497, 508 (2001).

In Semtek, the plaintiff filed suit against the defendant in a California state court alleging a number of business torts. 531 U.S. at 499. After removing the case to federal court under the diversity-of-citizenship statute, 28 U.S.C. §§ 1332, 1441 (2013), the defendant moved to dismiss the plaintiff's claims because California's two-year statute of limitations had expired. Semtek, 531 U.S. at 499. The federal district court granted the

---

[4] In 2003, the Georgia General Assembly amended Georgia Code Annotated section 9-11-41(a)(3) to provide that "the filing of a second notice of dismissal operates as an adjudication upon the merits." Act of June 4, 2003, No. 363, sec. 4, § 9-11-41, 2003 Ga. Laws 820 (codified as amended at Ga. Code. Ann. § 9-11-41(a)(3) (West 2013)) (emphasis added).

motion and entered an order dismissing the plaintiff's claims "in their entirety[,] on the merits[,] and with prejudice." Id. at 499 (alterations omitted). Shortly after the federal dismissal, the plaintiff filed a lawsuit in Maryland state court because Maryland state law imposed a three-year statute of limitations on the plaintiff's underlying claims. Id. The defendant moved for summary judgment, arguing that the involuntary dismissal in federal court barred the plaintiff from refiling in any court for the same claims. Id. at 500. The Maryland trial court granted summary judgment, and the Maryland Court of Special Appeals affirmed. Id. After Maryland's highest court declined review, the United States Supreme Court granted the plaintiff's petition for certiorari. Id.

In examining the phrase "judgment on the merits" as it appears in Federal Rule of Civil Procedure 41(b), the Court recognized that this term often appears in "judgments . . . that do *not* pass upon the substantive merits of a claim . . . . " Semtek, 531 U.S. at 502. The Court therefore rejected the defendant's argument that an "on-the-merits" adjudication is necessarily claim-preclusive. Id. at 503. Accordingly, the Court determined that the "federal common law" should dictate the claim-preclusive effect of dismissals in diversity cases. Id. at 507. The Court defined federal common law as the law of the state in which the rendering federal court sits. Id. at 507-08. In conclusion, the Court determined that an adjudication on the merits under Rule 41(b) barred the plaintiff from refiling "the same claim in the same [federal] court" and that state substantive law would determine whether the plaintiff's claim was similarly barred in state court. Id. at 506, 508.

In reaching this result, the Semtek Court explicitly rejected the defendant's proposed interpretation of Rule 41(b), which would have given claim-preclusive effect in every case in which the final order states that the dismissal under Rule 41 is "on the merits." Semtek, 531 U.S. at 503. The Court reasoned that imposing Federal Rule of Civil Procedure 41(b) on the state courts would "arguably violate the jurisdictional limitation of the Rules Enabling Act: that the Rules [of Civil Procedure] 'shall not abridge, enlarge[,] or modify any substantive right.'"[5] Id. (quoting 28 U.S.C. § 2072(b)). Likewise, the Court noted that the defendant's understanding of Rule 41 created a potential violation of "the federalism

_____

[5] Congress enacted the Rules Enabling Act in 1934 to give the United States Supreme Court the authority to promulgate rules of practice and procedure for the federal courts. Rules Enabling Act of 1934, ch. 651, 48 Stat. 1064 (1934) (codified as amended at 28 U.S.C. § 2072 (2013)). For constitutional reasons, however, the Rules Enabling Act prohibits the Supreme Court from promulgating rules that "abridge, enlarge[,] or modify" substantive legal rights. 28 U.S.C. § 2072(b); see also Sibbach v. Wilson & Co., 312 U.S. 1, 9-10 (1941) (recognizing that Congress's rule-making authority does not permit the Court to create rules that "declare . . .[,] abolish [,] or nullify a right recognized by the substantive law of the state where the cause of action arose, save where a right or duty is imposed in a field committed to Congress by the Constitution.").

principle" raised in the Court's decision in Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).[6] Semtek, 531 U.S. at 505.

The Semtek Court made clear, however, that "[t]his federal reference to state law will not obtain, of course, in situations in which the state law is incompatible with federal interests." Semtek, 531 U.S. at 509. The Court also cautioned that its holding in Semtek left unaffected the Court's prior decisions concerning the effect of judgments in federal-question cases, noting that state courts cannot give judgments in federal-question cases "merely whatever effect they would give their own judgments, but must accord them the effect that [the Supreme] Court prescribes." Semtek, 531 U.S. at 507 (citing Stoll v. Gottlieb, 305 U.S. 165, 171-72 (1938); Gunter v. Atl. Coast Line R.R. Co., 200 U.S. 273, 290-91 (1906); Deposit Bank v. Frankfort, 191 U.S. 499, 514-15 (1903)). See also Taylor v. Sturgell, 553 U.S. 880, 891 (2008) (explaining that in federal-question cases, the federal courts have the "ultimate authority to determine and declare" the claim-preclusive effect of a federal judgment) (citations omitted).

Thus, Semtek clearly establishes three points: (1) state claim-preclusion law controls the preclusive effect of a federal dismissal in a diversity case unless state law sufficiently undermines federal interests; (2) any resolution of the substance/procedure concerns raised in these cases necessarily implicates Erie and the Rules Enabling Act; and (3) state courts

---

[6] Erie is the United States Supreme Court's seminal case concerning the vertical choice between state and federal law. Erie, 304 U.S. 64. In Erie, the Court reversed as unconstitutional a long line of cases that began with Swift v. Tyson, in which the Court held that federal courts exercising diversity of citizenship jurisdiction "need not, in matters of general jurisprudence, apply the unwritten law of the State as declared by its highest court." Erie, 304 U.S. at 71 (citing Swift, 41 U.S. (16 Pet.) 1, 18-19 (1842)). The Erie Court recognized that the prior case law created a remarkable disparity in the outcomes of cases filed in state and federal courts. Erie, 304 U.S. at 74-75. Erie, however, did little more than declare Swift and its progeny unconstitutional. See Adam N. Steinman, What Is the Erie Doctrine? (and What Does It Mean for the Contemporary Politics of Judicial Federalism?), 84 Notre Dame L. Rev. 245, 258 (2008). The Court thereafter continued to refine the substance/procedure distinctions raised by Erie in a number of subsequent cases, the totality of which is referred to as "the Erie doctrine." See, e.g., Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393 (2010); Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415 (1996); Hanna v. Plumer, 380 U.S. 460 (1965); Byrd v. Blue Ridge Rural Elec. Coop., 356 U.S. 525 (1958); Guaranty Trust Co. v. York, 326 U.S. 99 (1945). Although many scholars and courts debate the current framework under Erie, see, e.g., Bernadette Bollas Genetin, Reassessing the Avoidance Canon in Erie Cases, 44 Akron L. Rev. 1067, 1073 (2011), the general proposition flowing from these cases is that federal courts adjudicating state-law claims are to apply state substantive law and federal procedure, with the ultimate goals of avoiding forum shopping and the inequitable administration of laws. See Hanna, 380 U.S. at 468.

must give judgments in federal-question cases the claim-preclusive effect that federal law commands. <u>Semtek</u> does not, however, definitively state whether federal or state claim-preclusion law governs supplemental state-law claims filed in federal courts.

With this question remaining, we are firmly convinced that <u>Semtek</u>'s reasoning controls the outcome in this case. In its opinion below, the Court of Appeals limited <u>Semtek</u> to its facts—an involuntary dismissal in a diversity-of-citizenship case—and distinguished it from Mr. Cooper's case on those grounds. <u>Cooper v. Glasser</u>, No. M2012-00344-COA-R3-CV, 2012 WL 4859128 at *3-5 (Tenn. Ct. App. Oct. 12, 2012). In our view, however, these distinctions are unpersuasive.

Although the nature of a federal court's jurisdiction over a given case is a relevant factor in determining the appropriate claim-preclusion law to apply, <u>Semtek</u> clearly stands for the proposition that this factor alone is not outcome-determinative. Instead, <u>Semtek</u> commands that we narrowly interpret the phrase "adjudication on the merits" as it appears in Federal Rule of Civil Procedure 41(a)(1)(B) in a manner that is consistent with the <u>Erie</u> doctrine and that avoids exceeding the limitations imposed on the Supreme Court's rule-making authority under the Rules Enabling Act. <u>See</u> <u>Shady Grove</u>, 559 U.S. at 398 (warning that "[w]e do not wade into <u>Erie</u>'s murky waters unless the federal rule is inapplicable or invalid."). In interpreting a rule, <u>Semtek</u> also requires us to determine whether applying state claim-preclusion law would be "incompatible with federal interests." <u>Semtek</u>, 531 U.S. at 509.

With these considerations in mind, we can only conclude that an "adjudication on the merits" under Rule 41(a)(1)(B) prevents a plaintiff who has twice dismissed supplemental state-law claims in federal court from bringing "the same claim[s] in the [same federal court]." <u>Semtek</u>, 531 U.S. at 506. <u>See also</u> <u>Styskal v. Weld Cnty. Bd. of Cnty. Cmm'rs</u>, 365 F.3d. 855, 859 n.1 (10th Cir. 2004) (noting that a "federal court's dismissal [that] is based on a procedural ground . . . is unlikely to have any preclusive effect in state court, even though the dismissal may bar the plaintiff from returning to federal court."). Although obviously dissimilar in some ways, claims brought under either the supplemental or diversity-of-citizenship statutes require the federal court to apply and interpret substantive state law. Moreover, the Supreme Court has acknowledged that <u>Erie</u> applies equally to state-law claims that are brought under both the supplemental and the diversity-of-citizenship statutes. <u>See</u> <u>Felder v. Casey</u>, 487 U.S. 131, 151 (1988) (noting that "when a federal court exercises diversity or pendent jurisdiction over state-law claims, 'the outcome of the litigation in the federal court should be substantially the same . . . as it would be if tried in a State court.'") (quoting <u>York</u>, 326 U.S. at 109).

The undisputed facts in this case reveal that each of Mr. Cooper's voluntary dismissals occurred before the Glassers filed any responsive pleadings. Therefore, it cannot reasonably be said that the conclusion of Mr. Cooper's case in federal court "pass[ed] on the substantive merits" of his claims. Semtek, 531 U.S. at 502. Moreover, we find no discernible reason why permitting Mr. Cooper to pursue his claims in our courts would be "incompatible with federal interests." Semtek, 531 U.S. at 509. We therefore conclude that Mr. Cooper's ability to refile in Tennessee state court is appropriately determined by Tennessee state law.[7]

Tennessee Rule of Civil Procedure 41.01(1) permits a plaintiff to voluntarily dismiss his case two times "without prejudice." Moreover, this Court has previously recognized that a voluntary dismissal places the parties "in their original positions prior to the filing of the suit." Himmelfarb v. Allain, 380 S.W.3d 35, 40 (Tenn. 2012). We are therefore convinced that Tennessee law does not give claim-preclusive effect to Mr. Cooper's second voluntary dismissal in federal court.

## III. Conclusion

We conclude that Tennessee's claim-preclusion law determines the effect of a federal court's judgment following a voluntary dismissal of supplemental state-law claims. We further conclude that Tennessee law does not preclude Mr. Cooper from maintaining the present action in the Circuit Court for Davidson County. We therefore reverse the judgment of the Court of Appeals and remand this case to the trial court for further proceedings. The costs of this appeal are taxed to Phillip Glasser, Richard Glasser, and David Glasser, for which execution may issue if necessary.

_____

JANICE M. HOLDER, JUSTICE

---

[7] Our holding today does not–and could not–impose Tennessee Rule 41.01(2)'s three-dismissal rule on the federal courts. Instead, we are merely interpreting Federal Rule 41(a)(1)(B) in a manner that appropriately restricts its effect to the federal courts. See Rader v. Baltimore & Ohio R.R. Co., 108 F.2d 980, 986 (7th Cir. 1940) (noting that "[i]t is obvious that the [Federal Rules of Civil Procedure] can not [*sic*] be applied to the practice or procedure in State Courts . . . .").