STROUD, Judge.
 

 *402
 
 Plaintiff appeals an order granting defendant's motion for judgment on the pleadings based upon res judicata. Because we conclude that plaintiff's voluntary dismissal without prejudice of her prior lawsuit in Tennessee under Tennessee Rule 41 had no res judicata effect, we reverse and remand for further proceedings consistent with this opinion.
 

 I. Background
 

 On 28 June 2016,
 
 [1]
 
 plaintiff filed a personal injury action in Tennessee against defendant, alleging that defendant's negligence caused her injuries arising out of an automobile accident. The collision between the parties' vehicles was on 3 July 2015 in North Carolina, but both parties were residents of Tennessee. In Tennessee, the statute of limitations for a personal injury claim is one year.
 
 See
 

 Tenn. Code Ann. § 28-3-104
 
 (a)(1)(A) (Supp. 2016). On 7 November 2016, plaintiff filed a "Nonsuit without Prejudice" noticing voluntary dismissal without prejudice citing "T.R.C.P. 41.01" which is similar to North Carolina General Statute § 1A-1, 41(a)(1) (2015).
 
 Compare
 
 Tenn. R. Civ. P. 41.01 ; N.C. Gen. Stat. § 1A-1, Rule 41 (2015). Both the Tennessee Rule of Civil Procedure Rule 41.01 and North Carolina's Rule of Civil Procedure 41 allow voluntary dismissal by a plaintiff without prejudice. Tenn. R. Civ. P. 41.01 ; N.C. Gen. Stat. § 1A-1, Rule 41. Further, both states extend the statute of limitations to refile a claim for one year from the date of the voluntary dismissal without prejudice, if the statute of limitations would have otherwise expired.
 
 See
 

 Tenn. Code Ann. § 28-1-105
 
 (a) (2000); N.C. Gen. Stat. § 1A-1, Rule 41. On 16 November 2016, the Tennessee trial court entered an order dismissing plaintiff's action without prejudice, noting it was the first dismissal.
 

 On 5 April 2018, plaintiff filed a complaint seeking recovery for personal injuries arising from the same automobile accident in North
 
 *687
 
 Carolina, alleging essentially the same tort claims as she had in Tennessee. The statute of limitations for a personal injury claim in North Carolina is
 
 *403
 
 three years,
 
 see
 

 N.C. Gen. Stat. § 1-52
 
 (16) (2015) ; so the North Carolina case was filed within North Carolina's statute of limitations,
 
 see
 
 id.
 

 , but Tennessee's one year statute of limitations and the one-year extension would have expired.
 
 See
 
 Tenn. Code. §§ 28-1-105(a) ; -3-104(a)(1)(A).
 

 In June of 2018, defendant answered plaintiff's complaint, denying the material factual allegations and alleging several affirmative defenses, including res judicata. Defendant alleged:
 

 Plaintiff filed a nearly identical action in the Circuit Court of Davidson County, Tennessee. A copy of the pleadings for this action is attached hereto as Exhibits A-F. On November 7, 2016, Plaintiff filed Exhibit F, Non-Suit without Prejudice. Tennessee has a one year statute of limitations for negligence claims. Plaintiff had one year to re-file her action after taking the voluntary dismissal, during which the statute of limitation was tolled. Plaintiff failed to re-file her action within the time allowed.
 

 Defendant later filed a motion for judgment on the pleadings based upon the res judicata defense. On 13 August 2018, the trial court granted defendant's motion: "[T]he Court hereby finds that the Plaintiff's claims are barred by the doctrine of res judicata. Accordingly, Defendant's Motion for Judgment on the Pleadings i[s] hereby GRANTED." Plaintiff appeals.
 

 II. Voluntary Dismissal without Prejudice
 

 Plaintiff contends that the trial court erred in granting defendant's motion for judgment on the pleadings.
 

 A. Standard of Review
 

 We review the trial court's ruling on this issue
 
 de novo
 
 :
 

 A trial court's ruling on a motion for judgment on the pleadings is subject to
 
 de novo
 
 review on appeal. In determining whether to grant a motion for judgment on the pleadings,
 

 the trial court is required to view the facts and permissible inferences in the light most favorable to the nonmoving party. All well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false. All allegations in the nonmovant's pleadings, except conclusions of law, legally impossible facts, and
 
 *404
 
 matters not admissible in evidence at the trial, are deemed admitted by the movant for purposes of the motion.
 

 A motion for judgment on the pleadings should not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. For that reason, the motion's function is to dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit, with a motion for judgment on the pleadings being the proper procedure when all the material allegations of fact are admitted in the pleadings and only questions of law remain. We will now utilize this standard of review to determine whether the trial court correctly granted Defendant's motion.
 

 Samost v. Duke Univ.
 
 ,
 
 226 N.C. App. 514
 
 , 517-18,
 
 742 S.E.2d 257
 
 , 259-60,
 
 aff'd per
 

 curiam
 
 ,
 
 367 N.C. 185
 
 ,
 
 751 S.E.2d 611
 
 (2013) (citations, quotation marks, ellipses, brackets, and footnotes omitted).
 

 B. Res Judicata
 

 Defendant argued to the trial court, and the trial court agreed, that plaintiff's claim should be dismissed based upon res judicata.
 

 Res judicata precludes a second suit involving the same claim between the same parties or those in privity with them when there has been a final judgment on the merits in a prior action in a court of competent jurisdiction. A judgment operates as an estoppel not only as to all matters actually determined or litigated in the proceeding, but also as to all relevant and material matters within the scope of the proceeding which the parties, in the exercise of reasonable diligence, could and
 
 *688
 
 should have brought forward for determination....
 

 ... In order to successfully assert the doctrine of res judicata, a litigant must prove the following essential elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits.
 

 Moody v. Able Outdoor, Inc.
 
 ,
 
 169 N.C. App. 80
 
 , 84,
 
 609 S.E.2d 259
 
 , 261-62 (2005) (citations and quotation marks omitted).
 

 *405
 
 Plaintiff contends that res judicata is not relevant because "[t]his Appeal involves the fundamental question of whether North Carolina's Three Year Statute of Limitations or Tennessee's One Year Statute of Limitations governs the instate action[.]" Defendant contends,
 

 Notably, the statute of limitations for negligence claims in Tennessee is one year.
 
 Tenn. Code Ann. § 28-3-104
 
 (a)(1)(A). Since the car accident at issue occurred on 3 July 2015, Plaintiff would have initially had to file her negligence claim in Tennessee on or before 3 July 2016. However, because the statute of limitations for Plaintiff's claim was tolled for one year after the dismissal order was entered, she had until 16 November 2017 to re-file her claim. Plaintiff failed to re-file in Tennessee within that time period and instead filed the instant action on 5 April 2018. Plaintiff's claim was barred in Tennessee when she failed to re-file on or before 17 November 2017 because the tolling of the statute of limitations lapsed. As such, the Tennessee court's dismissal, filed on 16 November 2016, became a final judgment on the merits for purposes of res judicata.
 

 Plaintiff presumes, without citing legal authority, that North Carolina automatically steps in to apply its laws instead of Tennessee's law upon re-filing her claim in North Carolina, and defendant presumes, also without citing legal authority, that once plaintiff filed her suit in Tennessee she would thereafter be bound by Tennessee law on this claim even though she voluntarily dismissed that suit without prejudice and re-filed in North Carolina. Neither brief directly addresses the question at the core of this appeal - whether taking a voluntary dismissal without prejudice in one state requires the law of that state, here specifically the statute of limitations, to control, even if the same claim is later filed in a different state, which has a longer statute of limitations. Essentially, this is a question of how a voluntary dismissal without prejudice operates between states.
 

 Tennessee's case law interprets a Rule 41.01 voluntary dismissal without prejudice to place the parties in the same position they were in prior to filing the suit: "When a voluntary nonsuit is taken, the rights of the parties are not adjudicated, and the parties are placed in their original positions prior to the filing of the suit."
 
 Himmelfarb v. Allain
 
 ,
 
 380 S.W.3d 35
 
 , 40 (Tenn. 2012). In
 
 Cooper v. Glasser
 
 , the plaintiff had sued in California state court and voluntarily dismissed his case without prejudice.
 
 419 S.W.3d 924
 
 , 925 (Tenn. 2013). The plaintiff re-filed the action
 
 *406
 
 in a federal court in Tennessee; thereafter, the plaintiff dismissed that action and re-filed in Tennessee state court.
 

 Id.
 

 Unlike North Carolina, Tennessee allows for two voluntary dismissals without prejudice.
 
 See
 
 N.C. Gen. Stat. § 1A-1, Rule 41 ; Tenn. R. Civ. P. 41.01. The case was appealed to Tennessee's Supreme Court on the issue of whether federal or state law should control on claim preclusion, and notably, as applicable to this case, Tennessee's Supreme Court stated,
 

 Tennessee Rule of Civil Procedure 41.01(1) permits a plaintiff to voluntarily dismiss his case two times without prejudice. Moreover, this Court has previously recognized that a voluntary dismissal places the parties in their original positions prior to the filing of the suit. We are therefore convinced that Tennessee law does not give claim-preclusive effect to Mr. Cooper's second voluntary dismissal in federal court.
 

 Cooper
 
 ,
 
 419 S.W.3d at 927-30
 
 (citation and quotation marks omitted). Thus, the Tennessee Supreme Court explained that a voluntary dismissal without prejudice functions to "place the parties in their original positions" and thereby allows them to switch between state and federal courts.
 
 See
 
 id.
 

 *689
 
 North Carolina's Rule 41 operates in the same manner since the dismissal puts the plaintiff in the same position "as if the suit had never been filed[.]"
 
 Hous. Auth. of Wilmington v. Sparks Eng'g, PLLC
 
 ,
 
 212 N.C. App. 184
 
 , 187,
 
 711 S.E.2d 180
 
 , 182 (2011) (citation, quotation marks, and brackets omitted).
 

 It is well settled that a Rule 41(a) dismissal strips the trial court of authority to enter further orders in the case. The effect of a judgment of voluntary dismissal is to leave the plaintiff exactly where he or she was before the action was commenced. After a plaintiff takes a Rule 41(a) dismissal, there is nothing the defendant can do to fan the ashes of that action into life, and the court has no role to play. As a result of the fact that, once a party voluntarily dismisses its action pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1990), it is as if the suit had never been filed.
 

 Id.
 

 (citations, quotation marks, ellipses, and brackets omitted).
 

 Under either Tennessee or North Carolina law, a Rule 41.01 or 41 voluntary dismissal without prejudice leaves the plaintiff "exactly where
 
 *407
 
 he or she was before the action was commenced."
 

 Id.
 

 Before this action was commenced, plaintiff was free to file a lawsuit in either North Carolina or Tennessee. Plaintiff had three years to file in North Carolina and only one year to file in Tennessee.
 
 See
 

 N.C. Gen. Stat. § 1-52
 
 (16) ;
 
 Tenn. Code Ann. § 28-3-104
 
 (a)(1)(A). The Tennessee Court's order of voluntary dismissal placed no restrictions upon plaintiff upon re-filing her claim.
 
 [2]
 
 We conclude plaintiff was free to re-file her claim in North Carolina as an entirely new claim, as if she had never filed the first suit, since the dismissal order in Tennessee operated to leave her in the same position as she was prior to filing the lawsuit. Defendant's argument that the Rule 41.01 dismissal without prejudice operated as a final judgment on the merits in an earlier suit and that plaintiff's claim is barred by res judicata is not supported by either Tennessee or North Carolina law. Nor is Tennessee's statute of limitations substituted for North Carolina's based upon the voluntary dismissal order. We reverse the order of the trial court and remand for further proceedings. We express no opinion on the merits of plaintiff's claim or other defenses raised by defendant other than res judicata, the issue on appeal.
 

 III. Conclusion
 

 We conclude the trial court erred in granting defendant's motion for judgment on the pleadings based on res judicata. We reverse and remand.
 

 REVERSED and REMANDED.
 

 Judges BRYANT and COLLINS concur.
 

 [1]
 

 The file stamp is barely legible but defendant notes 28 June 2016 as the date of the complaint, and our record confirms that an answer to that complaint was filed by August of 2016.
 

 [2]
 

 We do not suggest that the Tennessee court would have had any authority to enter an order of voluntary dismissal without prejudice with any additional conditions upon plaintiff's re-filing, but even if this was possible, the order here did not include any conditions.
 
 See generally
 

 Bechuck v. Home Depot U.S.A., Inc.
 
 ,
 
 814 F.3d 287
 
 , 289 (5th Cir. 2016).