IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 18, 2022 Session

**VANESSA COLLEY v. JOHN S. COLLEY, III**

**Appeal from the Circuit Court for Davidson County
No. 12D-314 Philip E. Smith, Judge**
_____

**No. M2021-00731-COA-R3-CV**
_____

Appellant/Husband voluntarily nonsuited his post-divorce lawsuit involving issues of alimony and the parties' alleged settlement of an IRS debt. Appellee/Wife moved for an award of her attorney's fees on alternative grounds, i.e., the abusive lawsuit statute, Tenn. Code Ann. § 29-41-106; the parties' MDA; and Tennessee Code Annotated section 36-5-103(c). The trial court granted Wife's motion and entered judgment for her attorney's fees and costs. The trial court specifically held that Husband's lawsuit was not abusive, and Wife does not raise this as an issue on appeal. As such, we conclude that she is not entitled to her attorney's fees under the abusive lawsuit statute. As to her claim for attorney's fees and costs under the MDA and Tennessee Code Annotated section 36-5-103(c), both grounds require that Wife be a "prevailing party" in the underlying lawsuit. Because Husband took a voluntary nonsuit, neither party prevailed in the action, and Wife is not entitled to her attorney's fees and costs. Reversed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Jennifer Honeycutt, Franklin, Tennessee, for the appellant, John Shackelford Colley, III.

Abby R. Rubenfeld, Nashville, Tennessee, for the appellee, Vanessa Young Colley (Turner).

**OPINION
I. Background**

Appellant John Shackelford Colley, III ("Husband") and Appellee Vanessa Young Colley ("Wife") were divorced on July 18, 2012. While the divorce action was pending,

on April 12, 2012, the trial court entered an order on the parties' cross-motions to set temporary support and a temporary residential schedule for the parties' children. As is relevant to the instant appeal, the April 12, 2012 order provided that: "With regard to Mr. Colley's motion for the installment agreement, Mrs. Colley shall not be required to sign the installment agreement; however, because of her refusal to sign, Mrs. Colley shall be responsible for all penalties and interest from this date forward if there is no wrongdoing established by the IRS with regard to the 2010 tax return."

The parties' post-divorce litigation has been prolific and contentious, and this is the second appeal to this Court. See *Colley v. Colley*, No. M2014-02495-COA-R3-CV, 2016 WL 3633376 (Tenn. Ct. App. June 28, 2016). As is relevant to the instant appeal, on January 9, 2019, Husband filed a "Petition to Terminate Transitional Alimony, Modify MDA and Enter Judgment for IRS Reimbursement." By his petition, Husband sought relief from his alimony obligation (based on Wife's remarriage), relief from having Wife as the beneficiary on his life insurance (to ensure alimony payment), entry of judgment against Wife for $6,000 as reimbursement of interest and penalties on the parties' 2010 IRS obligation, and an "[a]ward [of] his attorney's fees and discretionary costs should he prevail." To support his request for the $6,000 reimbursement, Husband relied on the April 12, 2012 order, *supra*. On March 6, 2019, Wife filed an amended answer to Husband's petition. Therein, she averred that Husband's request to modify the MDA regarding the IRS reimbursement was untimely, and the April 12, 2012 order did not include any judgment against her for a sum certain owed to the IRS. However, Wife agreed that she would execute an agreed order on the alimony issue.

On May 10, 2019, Husband filed a motion to enforce settlement. Therein, Husband alleged that, based on several emails he attached to his motion, he and Wife had reached an agreement for her to pay $5,000 in settlement of the IRS issue. On June 18, 2019, Wife filed a response in opposition to Husband's motion to enforce settlement, wherein she alleged that there was no enforceable settlement between the parties. After an unsuccessful mediation, the trial court held a hearing on Husband's motion on July 26, 2019. By order of November 26, 2019, the trial court held that there was no settlement agreement and denied Husband's motion. This order was not a final judgment, however, due to the fact that the trial court reserved "all other matters" and ordered discovery to go forward. The trial court's reference to "all other matters" appears to involve Husband's contention that he overpaid alimony by two months because Wife allegedly was living with her fiancé two months immediately preceding her remarriage.

The parties continued with discovery and, after several delays, on August 17, 2020, the parties entered an agreed order, setting the remaining matters for hearing on November 18, 2020. On November 6, 2020, Husband filed a notice of nonsuit of "all causes of action from the instant litigation."

On November 8, 2020, before the order of nonsuit was entered on November 13, 2020, Wife filed a "Motion for damages and/or sanctions for an abusive lawsuit, or in the alternative to alter or amend order of dismissal." Therein, Wife requested attorney's fees for Husband's alleged "abusive lawsuit." Tenn. Code Ann. § 29-41-103, *et seq.* Wife noted that the order of nonsuit had not yet been entered and, as such, averred that her motion was timely as it was brought "during the civil litigation." Tenn. Code Ann. § 29-41-103(a)(2) ("If a civil action is filed and the defendant to the action believes it to be an abusive civil action, the claim may be raised by the defendant . . . (2) By motion made at any time during the civil action."). On November 30, 2020, Husband filed a response in opposition to Wife's motion, wherein he alleged that her claim of abusive lawsuit was untimely because he had filed his notice of nonsuit prior to her bringing the motion. Based on his assertion that his notice of nonsuit ended the lawsuit at that point, he claimed that Wife could not make a claim for abusive lawsuit damages after his notice was entered. Alternatively, Husband argued that, if Wife's motion was considered a pending motion at the time of his notice of nonsuit, the motion could not be considered after he took the nonsuit. Husband asked for "his attorneys' fees and costs under T.C.A. § 29-41-106(d), should he prevail on this issue."[1]

The trial court heard Wife's motion on December 18, 2020. By order of January 7, 2021, the trial court specifically denied Wife's motion for abusive lawsuit but granted her motion to alter or amend the order of dismissal. The trial court further held that Wife could file a motion for attorney's fees, which would be decided in a separate hearing. On February 2, 2021, Wife filed a motion for attorney's fees. As grounds for attorney's fees, Wife relied on the parties' MDA, which provided:

> In the event it becomes reasonably necessary for either party to institute or defend legal proceedings related to the enforcement of any provision of this Agreement, the prevailing party shall also be entitled to a judgment for reasonable expenses, including attorney's fees, incurred in connection with such proceedings.

---

[1] Tennessee Code Annotated § 29-41-106(d) provides:

If a civil action defendant alleges that a claim is an abusive civil action or that the plaintiff is an abusive civil action plaintiff, and the court finds by a preponderance of the evidence that the action was not an abusive civil action or that the plaintiff is not an abusive civil action plaintiff, the court may:
    (1) Tax all costs related to litigating the issue of whether the action is an abusive civil action or whether the plaintiff is an abusive civil action plaintiff, against the civil action defendant who made the claim; and
    (2) Award the civil action plaintiff reasonable attorney fees and all reasonable costs of defending the claim that the action was an abusive civil action or that the plaintiff was an abusive civil action plaintiff.

In the alternative, Wife claimed that she was entitled to attorney's fees under Tennessee Code Annotated section 36-5-103(c) ("A prevailing party may recover reasonable attorney's fees, which may be fixed and allowed in the court's discretion, from the non-prevailing party in any criminal or civil contempt action or other proceeding to enforce, alter, change, or modify any decree of alimony. . . ."). On March 7, 2021, Husband filed a response in opposition to Wife's motion, wherein he asserted that Wife was not a prevailing party and, thus, not entitled to attorney's fees. Concurrent with his response, Husband filed a cross-motion for attorney's fees under Tennessee Code Annotated section 29-41-106(d) for abusive lawsuit.

The cross-motions for attorney's fees were heard on March 26, 2021. By order of May 11, 2021, the trial court denied Husband's motion and granted Wife's. Thereafter, Wife's attorney filed a fee affidavit. On June 2, 2021, the trial court entered an order altering and amending its May 11, 2021 order to award Wife $16,500.00 in attorney's fees. Husband appeals.

## II. Issues

Husband raises the following issues as stated in his brief:

1. Whether the email settlement agreement is enforceable.
2. Whether the court abused its discretion in reversing two earlier discovery orders.
3. Whether Wife is entitled to her attorney's fees after Husband nonsuited his petition.

As noted above, Husband took a voluntary nonsuit in this case. As such, this Court lacks subject matter jurisdiction to review issue one. In *Martin v. Washmaster Auto Center, Inc.*, this Court noted that

[n]o present controversy exists after the plaintiff takes a nonsuit. The lawsuit is concluded and can only be resurrected if and when the plaintiff recommences the action. The plaintiff's refiling the suit is a contingent event that may not occur.

*Martin v. Washmaster Auto Center, Inc.*, No. 01-A-01-9305-CV00224, 1993 WL 241315, * 2 (Tenn. Ct. App., Nashville, July 2, 1993).

In *Hudson v. Grunloh*, No. E2014-00585-COA-R3-CV, 2014 WL 3809765 (Tenn. Ct. App. Aug. 4, 2014), *perm. app. denied* (Tenn. Nov. 19, 2014), as in the instant appeal, appellant was granted a voluntary nonsuit without prejudice in the trial court and then sought appeal in this Court. Relying on *Martin*, we dismissed the appeal for lack of subject matter jurisdiction. Specifically, we held that "there appears to be no justiciable issue for

- 4 -

this Court to review as the judgment on appeal is not adverse to Grunloh, the only remaining appellant in this proceeding." *Hudson*, 2014 WL 3809765, at \*1 (citing *Benson v. Herbst*, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007) (holding that the lack of a judgment "adverse" to the party appealing said judgment deprives the appellate court of jurisdiction to entertain the appeal)). The same is true here. Husband's first issue does not arise from an adverse judgment. *Oliver v. Hydro-Vac Services, Inc.*, 873 S.W.2d 694, 696 (Tenn. Ct. App. 1993) (concluding that a party is ordinarily not aggrieved when no judgment is rendered against him). As such, this Court lacks jurisdiction over the question of "[w]hether the email settlement agreement is enforceable." *Hudson*, 2014 WL 3809765, at \*1.

Furthermore, concerning Husband's second issue, the contested discovery involved the trial court's order requiring Wife to produce certain telephone and email records. These records would likely go to the issue of alimony. Having been relieved of his alimony obligation and having nonsuited his case, the discovery issue surrounding telephone and email records is moot.

At oral argument before this Court, Husband's attorney conceded the foregoing points. When asked the effect of the nonsuit on Husband's issues, Husband's attorney stated that "based on the nonsuit, there was no longer any controversy" concerning the enforceability of the settlement agreement. As to the discovery issue, Husband's attorney also conceded that this issue would be rendered moot if the nonsuit precluded our review of other issues arising from Husband's substantive lawsuit. We agree. As such, our jurisdiction extends only to the question of whether the trial court erred in granting Wife's attorney's fees and costs. We now turn to address this issue.

### III. Standard of Review

As noted above, Wife's claim for attorney's fees alternatively rests on statutory and contractual grounds. Both the interpretation of statutes and the interpretation of contracts are questions of law and, therefore, require a *de novo* review on appeal with no presumption of correctness given to the trial court's conclusions of law. *See State v. Williams*, 38 S.W.3d 532, 535 (Tenn. 2001) (indicating that the construction of statutes and the application of the law to the facts are questions of law); *see also Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999) (holding that "[t]he interpretation of a contract is a matter of law that requires a *de novo* review on appeal").

### IV. Analysis

In *Cracker Barrel Old Country Store, Inc. v. Epperson*, the Tennessee Supreme Court explained the "American Rule":

Tennessee, like most jurisdictions, adheres to the "American rule" for award of attorney fees. ***John Kohl & Co. v. Dearborn & Ewing***, 977 S.W.2d 528, 534 (Tenn. 1998); ***Pullman Standard, Inc. v. Abex Corp.***, 693 S.W.2d 336, 338 (Tenn. 1985). Under the American rule, a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in a particular case. ***Taylor*** [***v. Fezell***], 158 S.W.3d [352,] at 359 [(Tenn. 2005)]; ***John Kohl***, 977 S.W.2d at 534.

***Cracker Barrel Old Country Store, Inc. v. Epperson***, 284 S.W.3d 303, 308 (Tenn. 2009) (footnote omitted).

In its May 11, 2021 order, the trial court held that Wife was entitled to her attorney's fees. In relevant part, the order states:

> In ruling on the appropriateness of an award of attorney fees in this matter, the Court looks to the relevant statutory provisions, case law and the provision regarding attorney fees in the parties' Marital Dissolution Agreement. The Marital Dissolution Agreement Provides,
>
> > In the event it becomes reasonably necessary for either party to institute or defend legal proceedings related to the enforcement of any provision of this Agreement, the prevailing party shall also be entitled to a judgment for reasonable expenses, including attorney's fees, incurred in connection with such proceedings."
>
> MDA, Section XV. Additionally, there is a relevant statutory provision which deals with the award of attorney fees in proceedings to enforce, alter, change, or modify a decree of alimony. The statute, T.C.A. §36-5-103(c), provides in relevant part,
>
> > (c) A prevailing party may recover reasonable attorney's fees, which may be fixed and allowed in the court's discretion, from the non-prevailing party in any criminal or civil contempt action or other proceeding to enforce, alter, change, or modify any decree of alimony, child support, or provision of a permanent parenting plan order, or in any suit or action concerning the adjudication of the custody or change of custody of any children, both upon the original divorce hearing and at any subsequent hearing.

T.C.A. §36-5-103(c). Based on the language of this statute, as well as the provision in the Marital Dissolution Agreement, the Court must determine whether either party, if any, may be deemed the prevailing party for purposes of awarding attorney fees.

The Supreme Court has identified a voluntary non-suit as insufficient to meet the standard of a "favorable termination" on the merits required in a suit for malicious prosecution. ***Himmelfarb v. Allain***, 380 S.W.3d 35. However, this conclusion has not been applied outside the realm of malicious prosecution claims. While a persuasive argument could be made supporting the proposition that Ms. Colley is indeed the prevailing party, the Court need not address a conclusion on that issue. Respondent sought, in her Answer to the Petition affirmative relief by a prayer for an award of attorney fees far before the current Motion for fees was filed. Petitioner's voluntary dismissal did not operate to dismiss Ms. Colley's prayer for relief. It follows then, that the voluntary nonsuit was not a final order from which an appeal could be taken.

Based on the foregoing, this Court finds that [Wife's] Motion for Attorney Fees is well-taken and is hereby granted.

In the first instance, Wife's claim for attorney's fees does not rest on the question of whether the order on Husband's voluntary nonsuit was a final order. Furthermore, the resolution of the issue does not rest on whether Wife's prayer for attorney's fees constituted an independent cause of action, or merely a prayer for relief in her answer. Rather, to justify an award of attorney's fees, Wife must show some exception to the American Rule. Here, Wife sought deviation from the American Rule on three alternative theories: (1) the abusive lawsuit statute, Tenn. Code Ann. § 29-41-106(b)(1); (2) the parties' MDA; and (3) Tennessee Code Annotated section 36-5-103(c). We will address each of these theories in turn.

### A. Abusive Lawsuit Statute

Tennessee Code Annotated section 29-41-106 provides, in relevant part:

(a) If the court finds by a preponderance of the evidence that a person filing a civil action is an abusive civil action plaintiff, and that any or all civil actions filed by the abusive civil action plaintiff against the abusive civil action defendant that are pending before the court are abusive civil actions, the civil actions shall be dismissed.

(b) In addition to dismissal of any pending abusive civil action within the jurisdiction of the court, the court shall:
(1) Tax all costs of any abusive civil action pending in the court at the time of the court's finding pursuant to subsection (a) against the abusive civil

- 7 -

action plaintiff;

(2) Award the civil action defendant reasonable attorney fees and all reasonable costs of defending the abusive civil action; and

In its January 7, 2021 order, the trial court denied Wife's abusive lawsuit claim. She does not appeal this holding. Under the plain language of section 29-41-106(a), the court must first find "by a preponderance of the evidence that a person filing a civil action is an abusive civil action plaintiff" before it can proceed, under sections 29-41-106(b)(1)-(2), to award costs and attorney's fees. After the trial court denied Wife's claim for abusive lawsuit, there was no basis for an award of attorney's fees under Tennessee Code Annotated section 29-41-106(b)(2).

## B. MDA and Tennessee Code Annotated Section 36-5-103(c)

As set out in context in the trial court's May 11, 2021 order, *supra*, both the MDA and Tennessee Code Annotated section 36-5-103(c) allow for an award of attorney's fees to a prevailing party. Specifically, the MDA states "the prevailing party shall also be entitled to a judgment for reasonable expenses, including attorney's fees," and the statute provides that "[a] prevailing party may recover reasonable attorney's fees." The question, then, is whether Wife is a prevailing party in this lawsuit. Resolution of this question rests on the effect of Husband's nonsuit.

In its May 11, 2021 order, the trial court acknowledged that "[t]he Supreme Court has identified a voluntary non-suit as insufficient to meet the standard of a 'favorable termination' on the merits required in a suit for malicious prosecution." ***Himmelfarb v. Allain***, 380 S.W.3d 35 (Tenn. 2012). In ***Himmelfarb***, the Tennessee Supreme Court addressed the issue of whether the plaintiff's voluntary dismissal of the lawsuit constituted a favorable termination for the defendant for purposes of satisfying the third element of a malicious prosecution cause of action. The underlying action in that case was a medical malpractice lawsuit that a patient dismissed after learning that another party was responsible for leaving a guide wire in her vein during a medical procedure. ***Himmelfarb***, 380 S.W.3d at 36. The doctors named in the initial malpractice action filed a malicious prosecution case against the patient after she dismissed her complaint against them. The patient moved for summary judgment, arguing that the doctors could not prove the malpractice action had been terminated in their favor. ***Id***. at 36-37. After considering the effect of voluntary nonsuits in other jurisdictions, the ***Himmelfarb*** Court determined that "a voluntary nonsuit taken pursuant to Tennessee Rule of Civil Procedure 41 is not a termination on the merits for the purposes of a malicious prosecution claim." ***Id***. at 38-41. The Court reasoned that the merits of a case are not considered when a case is dismissed on procedural grounds. ***Id***. at 40-41 (citing ***Parrish v. Marquis***, 172 S.W.3d 526, 532 (Tenn. 2005) (holding that a favorable termination was not reached when the case was dismissed because the statute of limitations had expired)).

- 8 -

In its May 11, 2012 order, the trial court limited the holding in **Himmelfarb** to malicious prosecution cases, i.e., "[The **Himmelfarb** Court's conclusion [that "a voluntary nonsuit taken pursuant to Tennessee Rule of Civil Procedure 41 is not a termination on the merits for the purposes of a malicious prosecution claim,"] has not been applied outside the realm of malicious prosecution claims." However, this Court has applied the **Himmelfarb** holding in contexts other than malicious prosecution. For example, in **Jasinskis v. Cameron**, homeowners sued their builder, asserting claims for violations of the Tennessee Consumer Protection Act. **Jasinskis v. Cameron**, No. M2019-01417-COA-R3-CV, 2020 WL 2765845 (Tenn. Ct. App. May 27, 2020). As is relevant to this appeal, the **Jasinskis** Court reasoned that

> the trial court in **Himmelfarb** neither addressed the merits of the plaintiff's claims nor the liability of the defendant. As a result, the Himmelfarb plaintiff's voluntary dismissal of his claims against the defendant was not a dismissal on the merits, and neither party ended up as the "prevailing party." [] *see also* **Fit2Race, Inc. v. Pope**, No. M2015-00387-COA-R3-CV, 2016 WL 373313, at *5 (Tenn. Ct. App. Jan. 29, 2016). The result is the same here. Once the Guzmans nonsuited their claims against Clark, neither party was a prevailing party.

**Jasinskis**, 2020 WL 2765845, at *5 (some citations omitted). Relying, *inter alia*, on **Jasinskis**, in **Justice v. Craftique Construction, Inc.**, this Court reiterated:

> As our Supreme Court has stated, "[w]hen a voluntary nonsuit is taken, the rights of the parties are not adjudicated, and the parties are placed in their original positions prior to the filing of the suit." **Himmelfarb v. Allain**, 380 S.W.3d 35, 40 (Tenn. 2012); *see also* **Cooper v. Glasser**, 419 S.W.3d 924, 930 (Tenn. 2013); **Jasinskis v. Cameron**, No. M2019-01417-COA-R3-CV, 2020 WL 2765845, at *5 (Tenn. Ct. App. May 27, 2020). A plaintiff's voluntary nonsuit "terminates the action without an adjudication of the merits" and leaves the parties "as if no action had been brought at all." 27 C.J.S. Dismissal and Nonsuit § 11 (2020); *see also* **Nat'l R.R. Passenger Corp. v. Int'l Ass'n of Machinists & Aerospace Workers**, 915 F.2d 43, 48 (1st Cir. 1990) (stating that voluntary dismissal "'carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect to plaintiff's claim.'") (quoting **Bryan v. Smith**, 174 F.2d 212, 214 (7th Cir. 1949)); 24 AM. JUR. 2D Dismissal § 4 (2020) ("Nonsuit is a procedural step that terminates the pending litigation but leaves the issues of the cause undecided.").

**Justice v. Craftique Construction, Inc.**, No. E2019-00884-COA-R3-CV, 2021 WL 142146, at *3 (Tenn. Ct. App. Jan. 15, 2021). Based on the foregoing, Husband's nonsuit "terminate[d] the action without an adjudication of the merits" and left the parties "as if no

- 9 -

action had been brought at all." *Id.* As such, neither party is a "prevailing party" for purposes of triggering a right to recover attorney's fees under either the MDA or Tennessee Code Annotated Section 36-5-103(c). Accordingly, we conclude that the trial court erred in awarding Wife her attorney's fees.

## V. Conclusion

For the foregoing reasons, the trial court's order awarding Appellee attorney's fees is reversed, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-half to Appellant, John Shackelford Colley, III, and one-half to Appellee, Vanessa Young Colley (Turner), for all of which execution may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE